EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio de Rincón<br><br>Recurrido<br><br>v.<br><br>Héctor Velázquez Muñiz y otros<br><br>Peticionarios | Certiorari<br><br>2015 TSPR 52<br><br>192 DPR ____ |

Número del Caso:    CC-2014-429

Fecha: 29 de abril de 2015

Tribunal de Apelaciones:

        Región Judicial de San Juan

Abogado de la Parte Peticionaria:

        Lcdo. Jorge Cajigas Morales

Abogados de la Parte Recurrida:

        Lcda. Tania I. Delgado Corcino
        Lcdo. Luis E. Meléndez Cintrón

Materia: Procedimiento Civil – Regla 47: Efecto de la presentación de una Moción de Reconsideración ante el Tribunal de Primera Instancia sobre la jurisdicción del foro apelativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| MUNICIPIO DE RINCÓN<br><br>Recurrido<br><br>v.<br><br>HÉCTOR VELÁZQUEZ MUÑIZ Y OTROS<br><br>Peticionarios | **Núm.** CC-2014-0429 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado señor FELIBERTI CINTRÓN

(Regla 50)

En San Juan, Puerto Rico, a 29 de abril de 2015.

A pesar de que el recurso de epígrafe se sometió ante nuestra consideración para dilucidar una controversia sustantiva surgida en un pleito de expropiación forzosa, los procesos judiciales previos a su presentación han puesto de manifiesto un asunto procesal jurisdiccional sobre el cual este Tribunal no ha tenido la oportunidad de expresarse luego de la implantación de las nuevas Reglas de Procedimiento Civil de 2009. Esto es, ¿qué efecto tiene la presentación **oportuna** de una moción de reconsideración ante el Tribunal de Primera Instancia sobre la jurisdicción de un foro apelativo que tiene bajo consideración un recurso de apelación o de *certiorari* sobre el mismo asunto que le fuera sometido con anterioridad? Examinemos los hechos pertinentes.

I

El **10 de marzo de 2014** el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó **Resolución y Orden** en el Caso Núm. KEF-2011-0123, Municipio de Rincón v. Héctor Velázquez Muñiz, sobre Expropiación Forzosa. La **notificación y el archivo en autos** de la copia de la misma se realizó el **21 de marzo de 2014**. Inconformes con la determinación, el **3 de abril de 2014** Gilberto Velázquez Sánchez, Héctor Velázquez Muñiz y Jorge O. Cajigas Acevedo (peticionarios), junto a la sucesión de Rosa María Muñiz, acudieron al Tribunal de Apelaciones mediante un **recurso de *certiorari*** (**KLCE201400435**). Casi simultánea y **oportunamente**, el Municipio de Rincón (Municipio o recurrido) presentó una **Moción de Reconsideración** ante el Tribunal de Primera Instancia por estar igualmente en desacuerdo con la decisión de dicho foro.[1] El 22 de abril de 2014 el foro primario declaró *No Ha Lugar* la solicitud de Reconsideración.[2] Ocho días más tarde, es decir, el 30 de abril de 2014 el Tribunal de Apelaciones denegó la expedición del recurso de *certiorari*.[3] Las determinaciones anteriores, las cuales resultaron adversas para ambas partes, provocaron la presentación de dos peticiones de *certiorari*. Una presentada el 27 de mayo de 2014 por el

---

[1] La **Moción de Reconsideración** se presentó cuatro días más tarde, es decir, el **7 de abril de 2014**.

[2] Notificada y archivada en autos copia de la misma el 24 de abril de 2014.

[3] La Resolución de dicho foro fue notificada y archivada en autos copia de la misma el 8 de mayo de 2014.

Municipio ante el Tribunal de Apelaciones (**KLCE201400692**) y la otra presentada ante nos el 5 de junio de 2014 por los peticionarios, la cual es objeto del presente escrito.

En desacuerdo con la revisión solicitada ante nos, el 17 de junio de 2014 el Municipio sometió una *Moción de Desestimación al Amparo de la R. 32 (b)(1) del Reglamento del Tribunal Supremo*. Mediante la misma argumentó que, dado que éste había presentado oportunamente una moción de reconsideración ante el foro de instancia y, conforme a los efectos que dicho acto procesal conlleva, el recurso presentado ante nos por los peticionarios el pasado 5 de junio de 2014 era prematuro. En consonancia con lo anterior, el Municipio solicitó que lo desestimáramos por falta de jurisdicción.

Por otro lado, y bajo un razonamiento opuesto al anteriormente expresado por el Municipio sobre el asunto jurisdiccional arriba indicado, el 20 de agosto los peticionarios nos sometieron una moción en auxilio de jurisdicción. Por medio de la misma solicitaron la paralización de los procedimientos en el caso pues, habiendo un segundo recurso de *certiorari* pendiente de resolución ante el Tribunal de Apelaciones (**KLCE201400692**), podría resultar en determinaciones inconsistentes con las que en su día tomara este Foro sobre el mismo asunto en el presente recurso. Luego de analizar los planteamientos esgrimidos por ambas partes en sus respectivos escritos, el 28 de agosto de 2014 emitimos

una Resolución paralizando los procedimientos en el caso, con el fin de atender la controversia procesal jurisdiccional surgida.[4]

Tal y como hemos reiterado consistentemente, las cuestiones relativas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras. <u>Peerles Oil v. Hnos. Torres Pérez</u>,

---

[4]  Es menester mencionar que posteriormente, el Municipio solicitó la reconsideración de nuestra orden de paralización por entender que el asunto objeto del recurso se tornó académico.  Ello por razón de que el Municipio obtuvo de la Junta de Planificación la consulta de transacción requerida por el foro primario como requisito indispensable para autorizar la expropiación en controversia. Paralelamente, el Municipio solicitó al Tribunal de Apelaciones la desestimación de su recurso de *certiorari* (KLCE201400692) por la misma razón antes indicada.  El foro apelativo intermedio aceptó el planteamiento y lo desestimó mediante Sentencia emitida el 20 de agosto de 2014, notificada a las partes el 26 de agosto de 2014. En desacuerdo, los peticionarios solicitaron reconsideración de dicho dictamen. Como resultado, tomamos conocimiento judicial de que el 8 de octubre de 2014 el Tribunal de Apelaciones paralizó los procedimientos en dicho recurso, dejando en suspenso la moción de reconsideración de los peticionarios, al ser informados de la paralización decretada por este Foro en el recurso de epígrafe.

No tiene razón el Municipio al argumentar que el presente recurso se ha tornado académico.  Nos explicamos.  Mediante la Resolución y Orden aquí recurrida, emitida el 10 de marzo de 2014, el Tribunal de Primera Instancia dejó sin efecto una resolución anterior por medio de la cual se le hizo entrega material de la propiedad objeto de expropiación al Municipio, por éste no haber cumplido adecuadamente con todos los requisitos procesales dispuestos en la Regla 58 de Procedimiento Civil, en la Ley de Municipios Autónomos, Ley Núm. 81-1991 y en el Boletín Administrativo Número OE-2004-04.  Además, por medio de dicha Resolución y Orden, se declaró *No Ha Lugar* la solicitud de desestimación instada por los peticionarios en la que alegaban la falta de un fin público que diera lugar a la expropiación en cuestión.  No conforme con que el foro de instancia hubiera dejado sin efecto la resolución mediante la cual se le hacía entrega material de la propiedad, el Municipio presentó la *Moción de Reconsideración* de 7 de abril de 2014, arriba señalada.  Por su parte y en desacuerdo con aquella parte de la Resolución y Orden que reconoció la existencia de un fin público, los peticionarios presentaron la petición de *certiorari* de 3 de abril de 2014 (**KCLE201400435**).

De la denegatoria de la *Moción de Reconsideración*, el Municipio presentó una petición de *certiorari* ante el Tribunal de Apelaciones (**KLCE201400692**), impugnando no sólo que el foro de instancia hubiera dejado sin efecto la investidura de título, sino que se le solicitara como requisito para la expropiación la presentación de una consulta de ubicación, en lugar de una consulta de transacción y/o adquisición.  Así las cosas, el 23 de mayo de 2014 la Junta de Planificación emitió una resolución mediante la cual autorizó la consulta de transacción sometida por el Municipio.  A raíz de lo anterior, el 11 de agosto de 2014 el Municipio solicitó la desestimación del recurso presentado por ellos ante el foro apelativo intermedio (**KLCE201400692**) por entender que el mismo se había tornado académico. Evaluado y acogido tal planteamiento por parte de dicho foro, el 20 de agosto de 2014 dictó Sentencia desestimando el recurso por academicidad.  Es de los anteriores incidentes procesales y determinaciones que el Municipio acudió ante nos mediante *Moción de Reconsideración* argumentando que el presente recurso se había tornado académico.  Sin embargo, de lo previamente intimado se desprende que aunque ambas partes recurrieron ante el Tribunal de Apelaciones de una misma determinación (es decir, la Resolución y Orden del 10 de marzo de 2014), lo hicieron de diferentes asuntos.  Por lo tanto, y contrario a lo que argumenta el Municipio, el hecho de haber obtenido uno de los varios documentos exigidos por el foro primario para dar paso a la expropiación no torna académico el recurso de marras, por medio del cual los peticionarios impugnan el fin público que diera base a la expropiación en cuestión.

186 DPR 239 (2012); Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1 (2011); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). Teniendo esto en mente, expedimos el auto de *certiorari* solicitado en virtud de la facultad que nos confiere la Regla 50 del Reglamento de este Tribunal,[5] para atender el asunto jurisdiccional suscitado, y confirmamos la Resolución emitida por el Tribunal de Apelaciones el 30 de abril de 2014 por otros fundamentos. Veamos.

## II

### A. Moción de Reconsideración

La moción de reconsideración fue introducida formalmente en nuestra jurisdicción en el 1937 al ser incorporada en el Código de Enjuiciamiento Civil de 1904 como un medio para que el tribunal sentenciador modificase o corrigiese sus determinaciones.[6] Lagares v. E.L.A., 144 DPR 601 (1997); H.A. Sánchez Martínez, La reconsideración de resoluciones u órdenes interlocutorias y de sentencias finales, 15 (Núm. 3) Rev. Jur. U.I.A. 367, 370 (1981). Sin embargo, un tiempo antes ya este Tribunal había reconocido su utilidad en Dávila v. Collazo, 50 DPR 494 (1936). En aquel entonces, expresamos:

---

[5]    4 LPRA Ap. XXI-B, R. 50 (2012).

[6]    Véase la Ley Núm. 67 de 8 de mayo de 1937, la cual enmendó el Artículo 292 del Código de Enjuiciamiento Civil, 32 LPRA ant. sec. 1251.

> El objeto principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiere incurrido al dictarla. Dávila v. Collazo, *supra*, pág. 503.

Sobre el particular y, aproximadamente sesenta años más tarde, reiteramos en Lagares v. E.L.A., *supra*, que el propósito primordial de la moción de reconsideración es permitirle al tribunal sentenciador rectificar cualquier error que haya cometido en sus determinaciones. Véase, además, Castro v. Sergio Estrada Auto Sales, Inc., 149 DPR 213 (1999). Es decir, la regla reconoce la "facultad inherente de nuestros Tribunales de corregir sus providencias". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1371.

A pesar de los cambios sufridos desde su incorporación en nuestro ordenamiento jurídico, la Regla 47 de Procedimiento Civil ha tenido como norte que los jueces ejerzan su facultad, hoy conferida por la Ley de la Judicatura de 2003, de "[i]nspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y la justicia". 4 LPRA sec. 24o(h) (2010).[7]

De este modo, las anteriores Reglas de Procedimiento Civil que atendían lo atinente a la reconsideración, le concedían inicialmente un término de cinco días y,

---

[7] Anteriormente dicha facultad se encontraba contemplada en el inciso 8 del Artículo 7 del Código de Enjuiciamiento Civil, 32 LPRA ant. sec. 44, en el inciso (h) del Artículo 1 de la Ley Núm. 2 de 7 de marzo de 1983 (1983 Leyes de Puerto Rico 6), la cual enmendó la Ley de la Judicatura de Puerto Rico de 1952, y en el inciso (h) del Artículo 2.002 de la Ley de la Judicatura de Puerto Rico de 1994, Plan de Reorganización Núm. 1[a] de 28 de julio de 1994 (1994 Leyes de Puerto Rico 2804).

posteriormente, un término de diez días al tribunal sentenciador para que reconsiderara sus determinaciones, una vez presentada una solicitud a tales efectos. A partir de las Reglas de Procedimiento Civil de 1958 se dispuso que si transcurría dicho término sin que el tribunal hubiese tomado alguna acción con relación a la moción de reconsideración, se entendía que la misma había sido rechazada de plano y que el término para recurrir en alzada no había sido interrumpido.

Específicamente, la Regla 47 de Procedimiento Civil de 1958 disponía, en lo pertinente:

> El Tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para o[í]r a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para o[í]r a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución del Tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. El Mundo, Inc. v. Tribunal Superior, 92 DPR 791, 794-795 (1965).

En El Mundo, Inc. v. Tribunal Superior, *supra*, interpretando dicha regla, expresamos, no obstante, que aun cuando la moción hubiera sido declarada sin lugar dentro del término de cinco días o que se entendiera que la misma había sido rechazada de plano por el tribunal no haber actuado dentro de dicho término, el juez sentenciador no quedaba privado de su facultad para reconsiderar sus determinaciones si la moción planteaba una cuestión sustancial y meritoria y en bien de la

justicia debía señalar una vista para escuchar a las partes, siempre y cuando no hubiera sido privado de jurisdicción por haberse interpuesto un recurso de apelación o revisión, o por haber expirado el término para recurrir en alzada.

Posteriormente, la Regla 47 de Procedimiento Civil de 1979 aumentó el periodo dentro del cual el tribunal debía atender la moción de reconsideración a diez días. Sin embargo, permanecieron inalteradas las demás disposiciones. Es decir, si el tribunal la rechazaba de plano se consideraba que el término para acudir en alzada no había sido interrumpido. En cambio, si el juez tomaba alguna determinación relacionada a la moción de reconsideración, es decir, la "consideraba",[8] el término para recurrir en alzada comenzaría a contar desde la fecha en que se archivara en autos la copia de la notificación de la resolución mediante la cual se resolviera definitivamente la moción. Por otro lado, si el tribunal no actuaba dentro de los diez días de haber sido presentada, se entendía que la moción de reconsideración había sido rechazada de plano. Regla 47 de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 47 (Supl. 2009).

---

[8]     Hemos establecido que el tribunal ha "considerado" la moción: cuando señala una vista para oír a las partes, le solicita a la parte adversa que exponga su posición por escrito, fundamenta la resolución mediante la cual declara sin lugar la moción o le remite la moción de reconsideración al juez que emitió la sentencia o resolución objeto de la reconsideración cuando éste se encuentra enfermo o de vacaciones, entre otras. Castro v. Sergio Estrada Auto Sales, Inc., 149 DPR 213 (1999); Rodríguez Rivera v. Autoridad Carreteras, 110 DPR 184 (1980).

Aproximadamente cuatro décadas después de haber resuelto El Mundo, Inc. v. Tribunal Superior, *supra*, pero en esta ocasión interpretando las Reglas de Procedimiento Civil de 1979, reiteramos en Caro v. Cardona, 158 DPR 592 (2003), que el tribunal de instancia conservaría jurisdicción y, por lo tanto, se entendería que el término para recurrir en alzada había sido interrumpido, siempre que dicho foro considerara la moción de reconsideración antes de que transcurriera el término para recurrir en alzada o antes de que una de las partes presentara un recurso ante el foro apelativo. Aunque en dicho caso se trataba de un recurso de apelación, no se hizo distinción alguna en cuanto al recurso de *certiorari*. De hecho, al citar a El Mundo, Inc. v. Tribunal Superior, *supra*, se extendió esta interpretación al recurso de *certiorari* textualmente.[9]

En otras palabras, dado que si la moción de reconsideración era rechazada de plano, ya fuera mediante una actuación afirmativa del foro sentenciador o por no haber actuado dentro del término provisto por la regla, no se interrumpían los términos para recurrir en alzada, establecimos jurisprudencialmente que el foro primario retenía jurisdicción para atender dicha solicitud siempre

---

[9]    En esa ocasión, citando a El Mundo, Inc. v. Tribunal Superior, 92 DPR 791 (1965), expresamos lo siguiente:

> [E]l Tribunal no queda privado de su facultad para reconsiderar esa actuación suya […] siempre que ya no se le haya […] privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o **de certiorari** o no haya expirado el término para interponer dichos recursos. Caro v. Cardona, 158 DPR 592, 597 (2003) (escolio, corchetes y énfasis omitidos; negrillas nuestras).

y cuando no hubiese transcurrido el término para recurrir en alzada o no se hubiese presentado un recurso ante el foro apelativo intermedio.

En el 2009, las Reglas de Procedimiento Civil fueron objeto de ciertas enmiendas, las cuales incluyeron cambios significativos a la regla que gobierna las mociones de reconsideración. En específico, luego de incorporados los cambios, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47 (2010),[10] lee como sigue:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para

---

[10] A menos que se indique lo contrario, toda referencia posterior a las Reglas de Procedimiento Civil se refiere a las de 2009.

presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. (Énfasis nuestro).

Uno de los cambios más significativos es aquel relativo al efecto de la presentación de una moción de reconsideración oportuna y que cumpla con los requisitos dispuestos en la regla. Sobre el particular, la regla provee expresamente que una vez se presente una moción de reconsideración los términos para recurrir en alzada quedarán automáticamente suspendidos. J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1ra ed. rev., 2012, pág. 292. Es decir, a diferencia de la regla anterior en la que el término para recurrir en alzada se entendía interrumpido únicamente si el tribunal consideraba la moción, ahora la mera presentación paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía y el mismo comenzará a decursar una vez resuelta definitivamente la solicitud de reconsideración.[11] Íd. Véase, además, Morales Hernández v. The Sheraton Corp., 2014 TSPR 70, 191 DPR ____ (2014); Cuevas Segarra, op. cit., págs. 1366 y 1371.

> Se deroga así, la obligación de examinar si el tribunal la declaró o no ha lugar de plano, bien por acción afirmativa o bien por inacción dentro de los diez (10) días de su presentación. Ya no es necesaria ulterior evaluación de la actuación del tribunal sentenciador a los efectos de considerar si la moción de reconsideración paralizó o no el término, o cu[á]ndo se notificó, si la consideró o no. […] Con esta Reforma se pretende imprimir certeza sobre cuándo el término para recurrir en apelación ha

---

[11] En consonancia, la Regla 52.2 de Procedimiento Civil ordena en sus incisos (e) y (g) la interrupción de los términos para recurrir en alzada ante la presentación oportuna de una moción de reconsideración. 32 LPRA Ap. V, R. 52.2 (Supl. 2014).

quedado interrumpido y promover de esta forma la economía procesal, al evitar que la parte perdidosa, ante la incertidumbre que existía de si se había interrumpido el término o no, presente un escrito de apelación que luego, ante las confusas divisiones interpretativas, podría considerarse prematuro o tardío; dependiendo no sólo de la actuación del Tribunal de Primera Instancia, sino cuándo, cómo y si fue o no oportunamente notificada antes de perder su jurisdicción. Cuevas Segarra, op. cit., pág. 1371.

Pero, ¿cómo armonizamos las enmiendas incorporadas a esta disposición procesal, en específico la que provee para la interrupción automática del término para recurrir en alzada, con los efectos que produce la presentación ante el Tribunal de Apelaciones de una apelación o la presentación y expedición de una petición de certiorari, según lo dispuesto en la Regla 52.3 de Procedimiento Civil? Veamos.

### B. Efectos de la Presentación de una Apelación o de un Recurso de Certiorari

La Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3 (2010), dispone, en su parte pertinente:

(a) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia.

(b) La presentación de una solicitud de certiorari no suspenderá los procedimientos ante el tribunal

> recurrido, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación. La expedición del auto de *certiorari* suspenderá los procedimientos en el tribunal recurrido, salvo que el Tribunal de Apelaciones disponga lo contrario.
>
> .     .     .     .     .     .     .     .

Conforme lo anterior, con la mera presentación del escrito de apelación se suspenden automáticamente ante el tribunal de instancia todos los procedimientos que están relacionados con la sentencia o con aquella parte de la cual se apela.[12] R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 473. Es decir, desde ese momento el Tribunal de Primera Instancia pierde jurisdicción para atender cualquiera de los asuntos sobre los cuales se está apelando.[13] Íd., pág. 474; Colón y otros v. Frito Lays, 186 DPR 135 (2012).[14] Sin embargo, es importante tener presente que el nombre no hace la

---

[12] Para ello "[e]s necesario que el recurso haya sido debidamente interpuesto y perfeccionado conforme a derecho". R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 474.

[13] No obstante, el Tribunal de Apelaciones puede emitir una orden, ya sea *motu proprio* o a solicitud de parte, para que el recurso de apelación no paralice los procedimientos ante el foro apelado. Además, por disposición de la misma regla, la apelación no suspende automáticamente los efectos de una orden de *injunction*, *mandamus*, de hacer y desistir, de pago de alimentos, ni de custodia o relaciones filiales. Tampoco se suspenden los procedimientos si la sentencia dispone la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso se podrá ordenar la venta de los mismos y que su importe sea depositado hasta tanto el recurso de apelación sea resuelto. Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3 (2010). Véase, además, Hernández Colón, op. cit., pág. 474 y J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1ra ed. rev., 2012, pág. 313.

[14] "De conformidad con la Regla 52.3 (a) de Procedimiento Civil, la presentación de un recurso de apelación de sentencia en un caso civil suspende los efectos de la sentencia apelada **en cuanto a las cuestiones comprendidas en la apelación con el pleito; pero mantiene jurisdicción en cuanto a cualquier asunto no comprendido en la apelación.** Cualquier cuestión no comprendida en la apelación puede continuar considerándose en el Tribunal de Primera Instancia." J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1547 (énfasis nuestro).

cosa.[15] Por lo tanto, sólo se atenderá como apelación, con los consecuentes efectos que produce su presentación, aquellos recursos en los cuales se recurra de una sentencia final dictada por el foro primario. Artículo 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y (2010) (Ley de la Judicatura de 2003); Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (Supl. 2014). Para "ello es necesario examinar la determinación del foro de instancia para asegurarnos si ésta constituye una resolución revisable, mediante *certiorari* o si se trata de una sentencia, la cual es apelable." Johnson & Johnson v. Mun. de San Juan, 172 DPR 840, 848 (2007) (citas omitidas). El contenido del escrito y la determinación de la que se recurre, y no el título, será lo que determinará su naturaleza. Cuevas Segarra, op. cit., pág. 1526.

La presentación de una petición de *certiorari* no produce el mismo efecto en los procedimientos ante el foro recurrido. Por disposición de la propia regla, la mera presentación de un recurso de *certiorari* no suspende los procedimientos ante el Tribunal de Primera Instancia, salvo orden en contrario emitida por el Tribunal de Apelaciones. Regla 52.3 de Procedimiento Civil; Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 35 (A)(1) (2012); Hernández Colón, op. cit., pág. 478. A diferencia de lo que ocurre con las

---

[15]   Véase, por ejemplo, In re Cruz Aponte, 159 DPR 170, 187 esc. 7 (2003); y Figueroa v. Del Rosario, 147 DPR 121, 127 (1998).

apelaciones, "el tribunal de mayor jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Es decir, descansa en la sana discreción del foro apelativo el expedir o no el auto solicitado".[16] Cuevas Segarra, op. cit., págs. 1533-1534 (cita omitida). Es por dicha incertidumbre, de si finalmente se va a expedir o no el auto de *certiorari* solicitado, que se ha establecido que la mera presentación de dicho recurso no paraliza los procedimientos ante instancia. Su lógica radica en que por tratarse de cuestiones interlocutorias, no siempre es necesario o conveniente detener los procedimientos en instancia, en especial cuando no están relacionados con el resto del proceso. Cuevas Segarra, op. cit., pág. 1546.

Ahora bien, una vez expedido el auto de *certiorari* se suspenderán los procedimientos ante el foro primario y éste pierde jurisdicción sobre los asuntos objeto del recurso de *certiorari*.[17] Así pues, se requiere una actuación afirmativa del Tribunal de Apelaciones para que queden paralizados los procedimientos ante el tribunal recurrido, salvo orden en contrario. Véase, además, el inciso (A)(1) de la Regla 35 del Reglamento del Tribunal de Apelaciones.

---

[16] La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (2012), señala los criterios que debe tomar en consideración el foro apelativo intermedio al expedir un auto de *certiorari*. Véase, también, Colón y otros v. Frito Lays, 186 DPR 135 (2012).

[17] Al igual que como ocurre con la presentación del escrito de apelación, la expedición del auto de *certiorari* no suspende los efectos de una orden de *injunction*, de *mandamus*, de hacer o desistir, de pago de alimentos o de custodia o relaciones filiales, salvo orden en contrario del Tribunal de Apelaciones.

> Una vez se paralizan los procedimientos en el foro de instancia, éste pierde su jurisdicción para continuar atendiendo los asuntos relacionados a las controversias planteadas en el Tribunal de [Apelaciones]. Si el tribunal de instancia resolviese o actuase sobre algún asunto paralizado, dicha actuación sería nula. Pérez, *Ex parte* v. Depto. de la Familia, 147 DPR 556, 570 (1999).

## III

Luego de analizar la normativa vigente en nuestro ordenamiento jurídico y en aras de armonizar las disposiciones de las reglas antes discutidas, es forzoso concluir que el efecto de la presentación de una moción de reconsideración sobre la jurisdicción del foro de instancia dependerá de si se ha presentado algún recurso ante el Tribunal de Apelaciones previamente y del tipo de recurso de que se trate.

No existe duda alguna que una moción de reconsideración interpuesta **oportunamente** y sometida **antes** de que se haya presentado algún recurso ante el tribunal apelativo intermedio, suspenderá los términos para recurrir en alzada y cualquier recurso apelativo que se presente previo a su resolución debe ser desestimado por prematuro.[18]

> Es suficiente ahora la presentación de la moción y todo recurso apelativo antes de su resolución ante el Tribunal Apelativo debe desestimarse por prematuro, ya que para que el Tribunal Apelativo pueda considerar el mismo, es necesario que la determinación del Tribunal de Primera Instancia sobre la moción de reconsideración sea notificada correctamente a todas las partes como requisito

---

[18] En aras de que el término quede interrumpido automáticamente, además de oportuna, claro está, la moción de reconsideración debe cumplir con los requisitos de especificidad y particularidad expuestos en la Regla 47 de Procedimiento Civil. Morales Hernández v. The Sheraton Corp., 2014 TSPR 70, 191 DPR ____ (2014).

insoslayable y *sine qua non* del debido proceso de ley. Cuevas Segarra, op. cit., pág. 1371.

En otras palabras, es menester esperar a que el Tribunal de Primera Instancia disponga finalmente de la moción de reconsideración para recurrir al foro apelativo intermedio.

> Bajo este nuevo esquema, […] la parte perdidosa que haya presentado en tiempo una moción de reconsideración no puede apelar la sentencia mientras no se haya resuelto dicha moción, pues la sentencia no se convierte en definitiva o en final hasta que dicha petición haya sido denegada o resuelta de cualquier otra forma, pero de manera afirmativa. Cuevas Segarra, op. cit., pág. 1371.

Por otro lado, si antes de presentarse la moción de reconsideración una de las partes acude en alzada, la jurisdicción del Tribunal de Primera Instancia para atender una moción de reconsideración que se presente luego dependerá de la naturaleza del recurso. A esos efectos, es menester examinar minuciosamente los dos principales recursos apelativos y los distintos escenarios que se pueden suscitar bajo cada uno de ellos.

En primer lugar, si una de las partes presenta un **recurso de apelación** antes de haberse presentado una moción de reconsideración ante el foro primario, por disposición expresa de la Regla 52.3 de Procedimiento Civil, se suspenderán en el Tribunal de Primera Instancia todos los procedimientos respecto a la sentencia o la parte de ella de la cual se apela. Esto tiene como resultado que el tribunal primario quedará privado de su

facultad de acoger la moción y, por lo tanto, de reconsiderar su decisión.

Por el contrario, y tomando en cuenta que la mera presentación de una **petición de *certiorari*** no suspende los procedimientos ante el tribunal recurrido, en la eventualidad de la presentación de un recurso de esta naturaleza previo a una solicitud de reconsideración, el foro primario conservará jurisdicción para atender esta última, siempre y cuando el Tribunal de Apelaciones no haya expedido el auto de *certiorari* antes de presentarse la moción de reconsideración. Es decir, si dentro de los 15 días provistos en la Regla 47 de Procedimiento Civil una de las partes presenta un recurso de *certiorari* ante el Tribunal de Apelaciones y posteriormente se presenta, en término, una solicitud de reconsideración ante el foro de instancia, sin que el auto de *certiorari* haya sido expedido, el tribunal primario conservará jurisdicción para acoger la moción de reconsideración y la petición de *certiorari* deberá ser desestimada. En dicho caso, es imprescindible que la parte que presente oportunamente la moción de reconsideración acuda ante el Tribunal de Apelaciones a la brevedad posible para ponerlo al tanto de dicho acontecimiento y éste pueda actuar en cuanto al recurso que le fuera presentado como corresponda, según lo aquí dispuesto. Sin embargo, por disposición de la Regla 52.3 de Procedimiento Civil, si se somete la petición de *certiorari* ante el Tribunal de Apelaciones y **éste expide**

**el auto** antes de que se presente una moción de reconsideración ante el foro primario, este último perderá jurisdicción desde ese momento y, por consiguiente, la facultad para atender la solicitud de reconsideración.

Con esta interpretación logramos armonizar el efecto interruptor automático que provee la nueva Regla 47 de Procedimiento Civil con los efectos que produce la presentación y la expedición de los recursos apelativos ante el Tribunal de Apelaciones, según reconocidos en la Regla 52.3 del mismo cuerpo legal. Siendo esto contrario en parte a lo anteriormente resuelto bajo Caro v. Cardona, *supra*, en cuanto habíamos expresado que por la mera presentación de un recurso, ya fuera de apelación o de *certiorari*, el Tribunal de Primera Instancia perdía jurisdicción para considerar una moción de reconsideración que le fuera sometida, dicho caso queda hoy modificado, a la luz de la diferencia legislada en la Regla 47 de Procedimiento Civil de 2009 en cuanto al efecto de la presentación de una moción de reconsideración.

Por lo tanto, y en consonancia con lo provisto en las Reglas de Procedimiento Civil de 2009, aclaramos que a diferencia de lo que ocurre con la presentación de un recurso de apelación, con el cual quedan automáticamente suspendidos los procedimientos a nivel de instancia, la mera presentación de una petición de *certiorari* **no priva** de jurisdicción al foro primario para atender una moción de reconsideración que ha sido presentada oportunamente.

En cuanto a la situación particular presentada ante nos en el presente recurso, y de conformidad con nuestro ordenamiento y lo hoy expresado, resolvemos que la *Moción de Reconsideración* presentada ante el Tribunal de Primera Instancia por el Municipio el 7 de abril de 2014 paralizó automáticamente los términos para recurrir en alzada. Por consiguiente, el Tribunal de Apelaciones debió haber desestimado el recurso **KLCE201400435,** iniciado por los peticionarios, y no debió considerarlo y denegarlo en los méritos como hizo. Según intimado anteriormente, el auto de *certiorari* en dicho recurso no había sido expedido por el Tribunal de Apelaciones al momento de la presentación en término de la moción de reconsideración ante el foro primario, por lo que este último conservaba jurisdicción para considerar la moción.[19]

**IV**

En virtud de la Regla 50 del Reglamento de este Tribunal y de los principios anteriormente esbozados, atendidas las mociones de las partes, expedimos el auto de *certiorari* solicitado y confirmamos la Resolución emitida

---

[19] La petición de *certiorari* en cuestión originalmente fue presentada dentro del término dispuesto para ello. No obstante, al momento de presentarse en término la moción de reconsideración ante el Tribunal de Primera Instancia sobre el mismo asunto objeto del recurso de *certiorari* presentado ante el foro apelativo intermedio, y dado a que a dicha fecha el recurso de *certiorari* aún estaba pendiente de resolución y no había sido expedido por el Tribunal de Apelaciones (por lo que no había asumido jurisdicción sobre el mismo), dicho foro debía abstenerse de considerar el recurso y desestimar el mismo para permitirle al Tribunal de Primera Instancia disponer apropiadamente de la moción de reconsideración de conformidad con lo provisto en la Regla 47 de Procedimiento Civil. En otras palabras, bajo tales hechos, la intervención del Tribunal de Apelaciones con el recurso de *certiorari* presentado ante éste ya no era posible una vez presentada oportunamente la moción de reconsideración sobre el mismo asunto objeto del recurso ante el foro de instancia.

por el Tribunal de Apelaciones el 30 de abril de 2014, aunque por distintos fundamentos. En consecuencia, dejamos sin efecto la paralización ordenada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.


**ROBERTO FELIBERTI CINTRÓN**
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| **MUNICIPIO DE RINCÓN**<br><br>Recurrido<br><br>v.<br><br>**HÉCTOR VELÁZQUEZ MUÑIZ Y OTROS**<br><br>Peticionarios | Núm.: **CC-2014-0429** | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, expedimos el auto de *certiorari* solicitado y confirmamos la Resolución emitida por el Tribunal de Apelaciones el 30 de abril de 2014, aunque por distintos fundamentos. En consecuencia, dejamos sin efecto la paralización ordenada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emite las siguientes expresiones, a las cuales se une el Juez Asociado señor Rivera García:

> Voto conforme con la Opinión Mayoritaria porque interpreta y aplica correctamente las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Surge claramente del esquema establecido por las Reglas 47 y 52.2(g)(h) de Procedimiento Civil, supra, que la mera presentación de una petición de certiorari ante el Tribunal de Apelaciones no priva de jurisdicción al Tribunal de Primera Instancia para considerar una moción de reconsideración presentada oportunamente. Los efectos que pueda tener lo anterior no son producto de la Opinión que hoy emite el Tribunal; son

consecuencia del texto de las Reglas 47 y 52.2(g) de Procedimiento Civil, _supra_. No podemos alterar las reglas debido a las inconveniencias que genera la norma legislada. Tampoco es deseable que el mismo asunto dentro del caso se considere a la vez en dos tribunales distintos. Eso es contrario a la economía procesal. Sin embargo, al intentar corregir los problemas de la anterior Regla 47 hemos creado otro, patente en los casos de _certiorari_ interlocutorio como este. El problema que aborda el Tribunal y las opiniones disidentes se corrige eliminando la interrupción automática del término para recurrir por _certiorari_ una vez se presenta una moción de reconsideración en el Tribunal de Primera Instancia. La Regla 47 debería diferenciar los efectos de la presentación de una moción de reconsideración al presentar un _certiorari_ y al apelar. No obstante, no lo hicimos al enviar las reglas a la Asamblea Legislativa. Ahora, según el esquema constitucional, corresponde a la Rama Legislativa enmendar las Reglas 47 y 52.2(g) de Procedimiento Civil, _supra_, para corregir la anomalía que señalan las opiniones disidentes y promover una solución justa, rápida y económica de los procedimientos ante los tribunales.

La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Estrella Martínez disienten mediante opiniones escritas.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Municipio de Rincón

    Recurrido

       v.

Héctor Velázquez Muñiz y otros

    Peticionarios

CC-2014-429     *Certiorari*


Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco.


En San Juan, Puerto Rico, a 29 de abril de 2015.

> *No podemos permitir que las normas procesales de nuestro ordenamiento se interpreten de forma tal que se convierta el proceso judicial en un campo minado, en donde las partes se enfrenten en un juego para ver quién cae en una trampa primero."*[20]

Nuevamente me veo obligada a disentir de una determinación de este Tribunal relacionada a la figura de la Moción de Reconsideración que regula la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. V. *Véase, Morales Hernández y otros v. The Sheraton Corp.,* 191 D.P.R. ___ (2014), 2014 T.S.P.R. 70, res. el 28 de mayo de 2014.

---

[20] *Colón Rivera v. Wyeth Pharm.,* 184 D.P.R. 184, 194, esc. 3 (2012).

En esta ocasión, una Mayoría del Tribunal lleva a cabo una interpretación de esa Regla que tiene el efecto de trastocar nefastamente el trámite de los casos en nuestros tribunales inferiores. Hoy se castiga a una parte que diligentemente acudió al Tribunal de Apelaciones en los primeros días del término que el ordenamiento le provee para solicitar la revisión de una determinación del Tribunal de Primera Instancia. En el camino, una Mayoría del Tribunal fomenta el que los abogados esperen hasta el último día para presentar sus recursos apelativos, abre paso para premiar tácticas de litigación que atrasen los casos ante los tribunales y le quita toda eficacia a la Regla 1 de Procedimiento Civil que exige que interpretemos ese cuerpo reglamentario "de forma que garanticen una solución justa, rápida y económica de todo procedimiento". Finalmente, en _**su aplicación**_ la decisión mayoritaria representa una enmienda a los términos que proveen las Reglas de Procedimiento Civil para presentar recursos de _certiorari_ en el Tribunal de Apelaciones. **Como veremos, a partir de hoy ese término es de quince (15) días.**[21]

I

_In limine_, debo expresarme brevemente en cuanto al proceder que utilizó una Mayoría del Tribunal para emitir la Opinión que antecede. La Regla 50 del Reglamento de

---

[21] Los hechos de la controversia ante nos están correctamente resumidos en la Opinión del Tribunal, por lo que no los repetiré en este disenso.

este Tribunal, 4 L.P.R.A. Ap. XXI-B, nos provee un mecanismo extraordinario para prescindir de términos específicos en un caso y proceder a resolverlo en aras de servir los mejores intereses de las partes involucradas. En ocasiones hemos hecho uso de esa disposición para resolver casos que involucran cuestiones de alto interés público. *Véase por ejemplo*, *Orraca López, en representación del menor GRO v. E.L.A, et als.*, 192 D.P.R. ___ (2014), 2014 T.S.P.R. 139, res. el 10 de noviembre de 2014.

No obstante, en el caso de autos el Municipio de Rincón presentó una *Moción de Desestimación al Amparo de la R.32(b)(1) del Reglamento del Tribunal Supremo* en la que se limitó a argumentar que el recurso de *certiorari* presentado por el peticionario de epígrafe era prematuro por razón de un asunto procesal. En vez de limitarse a disponer de esa moción mediante una Resolución, la Mayoría del Tribunal optó por utilizar el mecanismo extraordinario de la Regla 50 del Reglamento de este Tribunal, *supra*, para pautar una norma de Derecho en cuanto a un asunto procesal que solo trajo a colación la parte recurrida mediante una Moción de Desestimación. Las partes no tuvieron oportunidad de presentar alegatos para ilustrarnos en cuanto a la controversia que hoy resuelve una Mayoría del Tribunal.

Ante ese escenario, me parece desacertado que utilicemos el mecanismo extraordinario de la Regla 50 de este Tribunal para disponer de una Moción de Desestimación presentada por una parte en el caso de referencia. Soy del criterio que pautar una norma de Derecho sin que las partes ni siquiera lo hayan solicitado ni hayan tenido la oportunidad de exponer profundamente sus posiciones mediante sus respectivos alegatos es un proceder problemático. La Opinión Mayoritaria pauta una norma que obliga a los tribunales inferiores y, como veremos, tiene el efecto de alterar los términos para recurrir en alzada al foro apelativo intermedio, por lo que como mínimo debimos contar con el beneficio de la argumentación de las partes antes de emitir una Opinión que altera el estado de Derecho en nuestra jurisdicción. Además, y a diferencia de otros casos, no nos encontramos ante una situación de alto interés público sino ante una controversia puramente procesal, por lo que no comparto el criterio mayoritario de disponer prematuramente de este asunto a través del mecanismo extraordinario de la Regla 50 de este Tribunal, *supra*, sin contar con los alegatos de las partes.

II

En cuanto a los méritos de la controversia procesal que decidió atender el Tribunal, debo reconocer que la lectura de la Regla 47 de Procedimiento Civil, *supra*, que

realiza la Mayoría es compatible con el texto de la Regla. El problema es que esa es solo una de las posibles interpretaciones y, de acuerdo a la Regla 1 de Procedimiento Civil, *supra*, estamos llamados a interpretar ese cuerpo reglamentario de forma tal que se promueva la solución justa, rápida y económica de las controversias ante nuestros tribunales.[22] Mi diferencia de criterio con la mayoría del Tribunal es que su interpretación lamentablemente castiga a una parte diligente en un pleito, lo que la hace una determinación *injusta*, fomenta tácticas de litigio dilatorias, lo que la convierte en una opinión que tolera el *atraso* de los casos y el *encarecimiento* de los litigios en Puerto Rico. En otras palabras, es un ataque frontal a la Regla 1 de Procedimiento Civil, *supra*.

En esencia, son tres (3) factores los que me impiden emitir un voto de conformidad con la Opinión que antecede. Primero, la situación procesal ocurrida en el caso de autos es una extraordinaria ya que son mínimas las ocasiones en que las partes en un pleito recurren al foro apelativo intermedio antes del término de treinta (30) días que proveen las Reglas de Procedimiento Civil para

---

[22] En ese sentido, véase la Opinión Disidente del Juez Asociado señor Estrella Martínez, págs. 4-5, en la que se discute otra interpretación del texto de la Regla 47 de Procedimiento Civil, 4 L.P.R.A. Ap. V, que va más acorde con la Regla 1 de Procedimiento Civil, *supra*, y que evita prácticamente todos los problemas que ocasiona la norma pautada hoy por una Mayoría del Tribunal.

presentar recursos apelativos. Por lo tanto, la Mayoría del Tribunal pauta una norma mediante el mecanismo extraordinario de la Regla 50 de este Tribunal para un asunto *sui generis* que difícilmente se repetirá y que causará un disloque procesal en los pocos casos en que sí aplique.

Segundo, considero problemático que la Mayoría del Tribunal ordene que el Tribunal de Apelaciones tenga que "desestimar" un recurso de *certiorari* presentado dentro del término para ello. ¿Qué razón de Derecho ofrece la Mayoría para ordenar la desestimación de un recurso de *certiorari* presentado dentro del término que proveen las Reglas de Procedimiento Civil? Ciertamente no debería ser porque el recurso es "prematuro" ya que, según nuestros precedentes, un recurso solo es "prematuro" si se presenta antes de que el foro apelativo tenga jurisdicción. *Véase*, *Pérez v. C.R. Jiménez, Inc.,* 148 D.P.R. 153 (1999); *Hernández v. Marxuach Cont. Co.,* 142 D.P.R. 492 (1997). Como vimos, en nuestro ordenamiento, la Regla 52.2(b) de Procedimiento Civil, *supra*, le provee a las partes un término de treinta (30) días para recurrir al foro apelativo intermedio para revisar asuntos a través de un recurso de *certiorari*. El que una parte decida hacer uso de su derecho a recurrir al Tribunal de Apelaciones de manera rápida no convierte su recurso en uno "prematuro"

ya que el propio texto de la Regla 52.2(b) de Procedimiento Civil permite a las partes presentar sus recursos de *certiorari* en *cualquier momento* de los treinta (30) días del término. Por ello, mucho menos puede concluirse que la presentación **posterior** de una Moción de Reconsideración de una parte "convierte en prematuro" un recurso de *certiorari* presentado ante el foro apelativo intermedio por la otra parte. Por ello, no me queda claro bajo qué fundamento de Derecho la Mayoría del Tribunal ordena la desestimación de recursos de *certiorari* presentados dentro del término aplicable. Me temo que, tímidamente y entre líneas, la Mayoría del Tribunal lo que realmente quiere decir es que un recurso presentado a tiempo, de alguna forma, se convirtió en "prematuro" en el camino.

Por último, y unido a lo anterior, me preocupa que la norma que hoy se anuncia tiene el efecto, ***en su aplicación***, de reducir el término para presentar recursos de *certiorari* al Tribunal de Apelaciones de treinta (30) a quince (15) días. Me explico. Según lo Opinión Mayoritaria, las partes ahora tendrán que cruzarse de brazos y "mirarse" durante los primeros quince (15) días del término, ya que si presentan sus recursos de *certiorari* dentro de esos primeros quince (15) días, la otra parte "se lo convertirá en prematuro" con meramente

presentar una Moción de Reconsideración ante el foro de instancia al amparo de la Regla 47 de Procedimiento Civil. **Por lo tanto, en realidad de hoy en adelante las partes solo podrán recurrir mediante un recurso de *certiorari* al foro apelativo intermedio luego del día quince (15) del término provisto en la Regla 52.2(b) de Procedimiento Civil, *supra*.**

Considero que con ese proceder se trastoca nuestro ordenamiento al validar interpretaciones procesales que atrasan la resolución de las controversias. Además, recordemos que las partes pagan aranceles por estos recursos de *certiorari* que de hoy en adelante podrán convertirse en "prematuros" si una parte presenta una Moción de Reconsideración ante el foro de instancia. Es decir, la parte que fue diligente y presentó su recurso de *certiorari* de manera rápida se ve penalizada ya que la otra ostenta una "bala mágica" para "destruir" ese recurso a través de una Moción de Reconsideración en el día quince (15). Lamento que una Mayoría de este Tribunal avale ese tipo de mecanismo procesal. Ciertamente, el texto de la Regla 47 de Procedimiento Civil, *supra*, no nos obliga a llegar a ese resultado.

### III

En fin, no puedo prestar mi voto para interpretaciones reglamentarias que castigan a la parte

diligente en un pleito. La norma que hoy se pauta es lamentable. Si usted es un abogado que se preocupa por su cliente, que tiene una necesidad particular de que un foro apelativo revise al foro de instancia rápidamente, sepa que de hoy en adelante debe quedarse sentado en su oficina y observar los días del calendario pasar. Solo si la otra parte del pleito no presenta una Moción de Reconsideración en los primeros quince (15) días que usted tiene para recurrir al foro apelativo puede usted entonces resumir sus esfuerzos y presentar un recurso de *certiorari*. A la misma vez, si usted es un abogado que desea ponerle trabas procesales a la otra parte, y le notifican que este acudió en *certiorari* al foro apelativo intermedio en los primeros días del término, ríase y espere al día quince (15) para presentar una Moción de Reconsideración por el asunto que sea. De esa manera, usted hará uso de la "bala mágica" avalada por este Tribunal que "convierte en prematuros" los recursos de *certiorari* presentados dentro del término pertinente.

Ante la obstinación de este Tribunal por continuar interpretando la figura de la Moción de Reconsideración de forma tal que afecte el procedimiento ordinario de los tribunales, es hora de que la Asamblea Legislativa enmiende la Regla 47 de Procedimiento Civil, *supra*, para salvar a las partes de las interpretaciones lamentables

que este Tribunal ha realizado en los últimos meses. *Véase*, *Morales Hernández y otros v. The Sheraton Corp.*, *supra.*

Por todo lo anterior, disiento.

                                        Mildred G. Pabón Charneco
                                            Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio de Rincón

    Recurrido

        v.                    CC-2014-429      *Certiorari*

Héctor Velázquez Muñiz y otros

    Peticionarios

Opinión disidente emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 29 de abril de 2015.

La Mayoría de este Tribunal hoy se ocupa de una situación procesal atípica que surge únicamente cuando se presenta una moción de reconsideración ante el Tribunal de Primera Instancia **posterior** a que una de las partes acudiera **previamente** mediante un recurso apelativo ante el Tribunal de Apelaciones.

En lo particular, concluye que si el recurso apelativo interpuesto fue una petición de *certiorari*, el Tribunal de Apelaciones vendrá obligado a desestimar automáticamente el recurso oportunamente instado, con el fin de que el Tribunal de Primera Instancia atienda la

moción de reconsideración interpuesta a tiempo. Difiero de tal proceder.

I

En el caso de autos, el asunto dirimido se plantea al atender la *Moción de Desestimación al Amparo de la R. 32 (b)(1) del Reglamento del Tribunal Supremo* presentada por el Municipio de Rincón. En ésta cuestionó la jurisdicción de este Tribunal y solicitó la desestimación del recurso presentado ante nos por entender que el mismo era prematuro.[23] El fundamento para tal argumento consiste en que el Municipio de Rincón sostiene que la moción de reconsideración presentada por éste, **con posterioridad** a que se interpusiera el recurso de *certiorari* ante el Tribunal de Apelaciones, tuvo el efecto de convertir la petición de *certiorari* ante el Tribunal de Apelaciones en un recurso prematuro.

Ante tal alegación, este Tribunal está obligado a realizar una determinación procesal jurisdiccional antes de atender los méritos de la petición presentada. Ahora bien, ello no significa que tenga que hacerse mediante

---

[23]Posteriormente, ante la presentación de una moción en auxilio de jurisdicción por los peticionarios, la Sala de Verano compuesta por su Presidenta, la Jueza Presidenta señora Fiol Matta, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez emitió Resolución el 28 de agosto de 2014 paralizando los procedimientos hasta que este Tribunal dispusiera otra cosa. La Jueza Presidenta señora Fiol Matta hizo constar que proveería No Ha Lugar a la moción en auxilio de jurisdicción y a la petición de *certiorari*.

una Opinión creando un precedente, máxime ante las repercusiones adversas que tendrá la norma pautada.

Razono que en este tipo de casos pautar una norma mecánica y uniforme no resulta práctica, ya que no se podrá atender la multiplicidad de escenarios procesales que pueden suscitarse. Incluso, podría afectar la adecuada administración de los procesos ante las salas del Tribunal de Primera Instancia. Más aún, atenta y limita innecesariamente la facultad discrecional del Tribunal de Apelaciones para dirimir los criterios al expedir o denegar un recurso de *certiorari.* Más importante aún, sin considerar que se podrían provocar resultados injustos a partes que han actuado diligentemente.

No obstante lo anterior, una vez la Mayoría de este Tribunal decide emitir un precedente, es mi obligación señalar una serie de preocupaciones en cuanto al resultado al que hoy se llega por este Tribunal. Así procedo.

II

Estoy de acuerdo con la exposición y análisis de derecho que se hace en cuanto a varios de los aspectos expuestos en la Opinión Mayoritaria. A estos efectos, coincido con el examen que hace la Mayoría de este Tribunal sobre el hecho de que una moción de reconsideración presentada conforme dispone la Regla 47 interrumpe automáticamente el término para acudir en

alzada. Sobre este particular, es imperativo recordar que los casos atendidos por este Tribunal interpretando la anterior Regla 47 de Procedimiento Civil tienen en común que la moción de reconsideración fue instada **antes** de que se presentara un recurso apelativo ante el foro intermedio. Por ello, las enmiendas introducidas en el 2009 a la Regla 47 de Procedimiento Civil deben ser examinadas a la luz de esa realidad. Así las cosas, se enmendó la Regla 47 para establecer que su presentación interrumpiría automáticamente los términos "para recurrir en alzada", siempre que se cumplan con los requisitos de forma. Ello, con el fin de atender los problemas prácticos que creó la jurisprudencia interpretativa aludida. De esta manera, se eliminaron las controversias de cómo y cuándo se debe entender acogida la moción de reconsideración para fines de la interrupción del plazo para apelar. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1366.

Ahora bien, la referida regla no dispone qué sucede cuando se ha presentado un recurso apelativo ante el Tribunal de Apelaciones antes de que se presentara la moción de reconsideración. Ello, pues recordamos que la paralización automática de la Regla 47, *supra*, es clara en cuanto dispone que "una vez presentada la moción de reconsideración **quedarán interrumpidos los términos para recurrir en alzada** para todas las partes". (Énfasis

suplido.) Al así disponer, es claro que ésta no puede interrumpir lo que ya fue presentado ante el Tribunal de Apelaciones. Tampoco fue concebida para estos efectos. Por tanto, la referida regla no tiene el alcance que persigue introducir la Mayoría.

Ante esa realidad, la Opinión Mayoritaria recurre a la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3. Al así hacerlo, interpreta correctamente que el Tribunal de Primera Instancia pierde jurisdicción para atender una moción de reconsideración interpuesta **posterior** a la presentación de un recurso de **apelación** ante el Tribunal de Apelaciones sobre aquellos asuntos sobre los cuales se está apelando. Asimismo, estoy conforme con que la presentación de un recurso de *certiorari* no conlleva el mismo efecto. De igual forma, coincido que cuando el recurso de *certiorari* presentado con anterioridad a la moción de reconsideración fue expedido, **o el Tribunal de Apelaciones *motu proprio* o a solicitud de parte ha suspendido los procedimientos ante el tribunal recurrido***, éste también pierde jurisdicción sobre los asuntos objeto del recurso de *certiorari*. *Véase* Regla 52.3(b) de las de Procedimiento Civil de 2009, *supra*.

No obstante, discrepo con relación a que cuando el Tribunal de Apelaciones no ha expedido o suspendido los procedimientos, éste venga obligado a desestimar automáticamente el recurso de *certiorari* presentado por

razón de la presentación **posterior** de la moción de reconsideración. Me explico.

En el caso de autos, no debe haber duda de que cuando la petición de *certiorari* fue presentada no existía una moción de reconsideración que interrumpiera el término para ir en alzada. Ante tal realidad, no debe desestimarse un recurso de *certiorari* presentado **antes** de ser interpuesta una moción de reconsideración que paralizara los términos para ir en alzada y dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida, según provisto por la Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b). Es por esta razón que la Opinión Mayoritaria reconoce que el Tribunal de Apelaciones tiene facultad para expedirlo o paralizar los procesos y que con ello priva al Tribunal de Primera Instancia de su jurisdicción para atender la moción de reconsideración posteriormente presentada. Por tanto, el recurso de *certiorari* no puede ser prematuro como se intima de la Opinión. Como es sabido, lo crucial para determinar si un recurso es prematuro **es su fecha de presentación**. <u>Pueblo v. Santana Rodríguez</u>, 148 DPR 400, 402 (1999). Es prematuro lo que ocurre antes del tiempo, es decir, un recurso prematuro es aquel que se presenta en la secretaría del tribunal apelativo antes de que éste tenga jurisdicción. Véanse, <u>Pérez v. C.R. Jiménez, Inc.</u>, 148 DPR 153 (1999); <u>Hernández v. Marxuach Cont. Co.</u>, 142 DPR 492 (1997).

Claro está, como el Tribunal de Apelaciones no ha expedido el recurso de *certiorari* ni paralizado o suspendido los procedimientos ante el Tribunal de Primera Instancia, nada impediría que el foro primario pueda entender en la moción de reconsideración. Sin embargo, ello no equivale a que el Tribunal de Apelaciones esté obligado a desestimar el recurso y que la parte que acudió diligentemente sea privada mecánica y automáticamente de que el foro apelativo intermedio dirima si procede o no atender en los méritos el asunto ante su consideración.

La Opinión Mayoritaria de este Tribunal propone que cuando se presenta una moción de reconsideración posterior al recurso de *certiorari* ante el Tribunal de Apelaciones y éste no ha expedido o paralizado los procedimientos, el foro apelativo intermedio automáticamente desestime el recurso de *certiorari* incoado. Al así hacerlo, imponen a la parte litigante que promueve la moción de reconsideración el **vago e impreciso** deber de informar al Tribunal de Apelaciones, "a la brevedad posible", para ponerlo al tanto de dicho acontecimiento de tal forma que el foro intermedio pueda actuar como corresponda, según lo establecido en la Opinión que hoy se emite.

La inquietud que permea con tal proceder radica en que dejamos al arbitrio de la parte litigante si cumple o no con esta disposición sin considerar que su

incumplimiento podría conllevar consecuencias nefastas que limiten el acceso de una parte a los tribunales o la oportunidad de un remedio a tiempo por ese automatismo.[24] Igualmente, la Mayoría obvia que la práctica y el trámite ordinario no garantizará que la moción informativa sea referida al despacho de los paneles del Tribunal de Apelaciones para su pronta atención y se afecten los derechos de los otros litigantes por el trámite de ésta. Incluso, que durante este proceder se crucen las determinaciones de ambos foros en menoscabo de alguna de las partes. Además, la **desestimación** del recurso conlleva un gasto innecesario de aranceles a la parte que acudió diligentemente para que se atendiera su reclamo.

Debido a la complejidad de las situaciones que pueden surgir, reitero que no hubiese establecido una norma rígida y automática para disponer de la controversia. Empero, una vez una Mayoría de este Tribunal crea el precedente, me corresponde esgrimir que lo más prudente sería que, en aquellos casos donde esté pendiente un recurso de *certiorari* presentado con anterioridad a una moción de reconsideración sin que haya sido expedido o paralizado los procedimientos, el

---

[24]A modo de ejemplo en aquellas circunstancias en que no se paralizan los efectos de la determinación (injunction, *mandamus*, cese y desista, pago de alimentos, custodia o relaciones filiales) o cuando la moción de reconsideración no cumpla con los requisitos para ello, se puede privar a la parte que compareció dentro del término para presentar el recurso de *certiorari* de que el Tribunal de Apelaciones actúe sobre éste.

Tribunal de Apelaciones sea el que ausculte caso a caso si procede un ejercicio de prudencia judicial para no intervenir en el asunto ante su consideración.[25]

III

Por todo lo anterior, disiento del curso de acción adoptado por una Mayoría, ya que hubiera declarado No Ha Lugar la *Moción de Desestimación al Amparo de la R. 32(b)(1) del Reglamento del Tribunal Supremo* presentada por el Municipio de Rincón. Así las cosas, hubiese atendido el recurso de *certiorari* presentado ante este Tribunal para determinar si procedía expedirlo o denegarlo, a la luz de las múltiples repercusiones e

---

[25]El Tribunal de Apelaciones tiene mecanismos para incluso proveer un archivo administrativo del recurso de *certiorari* como sucede, por ejemplo, en la paralización automática por la Ley de Quiebras. Otra alternativa, que se debió considerar es atender la laguna procesal mediante una norma análoga a la dispuesta en la Regla 49.2 de las de Procedimiento Civil. Mediante ésta, se dispone expresamente que mientras esté pendiente una apelación **o *certiorari*** de una resolución final, el tribunal apelado no podrá conceder ningún remedio a menos que, de éste determinar que está dispuesto a conceder el remedio, obtenga previamente permiso para ello del Tribunal de Apelaciones. Aunque ciertamente la Regla 49.2 está dirigida a los procesos una vez dictada sentencia, considero que pudimos auscultar la adopción de una interpretación análoga de una norma similar a situaciones como la de autos. Esta alternativa podría propiciar un control y coordinación más efectiva del caso por los tribunales en lugar de dejar ello al ardid de la litigación. A su vez, le reconoce a cada uno de los foros la potestad de ejercer su poder jurisdiccional, mientras se brinda la oportunidad al foro de instancia de corregir cualquier error que entienda cometió al dictar la resolución.

interrogantes aquí expuestas, las cuales no encuentran respuesta en la Opinión Mayoritaria.


                                        Luis F. Estrella Martínez
                                              Juez Asociado