ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HÉCTOR RAFAEL SERRANO MILLS<br><br>Apelado<br><br>v.<br><br>ANA MARÍA MILLS SEVILLA Y OTROS<br><br>Apelante | KLAN202400702<br>Consolidado con<br>KLAN202400778 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>SJ2021CV00312<br><br>Sobre:<br><br>Cobro de dinero-Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece ante esta Curia la señora Carla J. Torres Trujillo (Sra. Torres Trujillo o apelante) representada y cualificada como indigente por la Oficina Legal de la Comunidad, Inc. y la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico. Mediante recursos de apelación separados, solicita la revocación de dos dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), respectivamente.

Primeramente, en el recurso núm. KLAN202400702, la Sra. Torres Trujillo nos solicita que revisemos la *Sentencia Parcial,* notificada el 17 de julio de 2024, en la cual el foro primario ordenó su desalojo del inmueble objeto de este recurso, dentro del término de cinco (5) días, contados a partir del archivo en autos de la notificación de la sentencia.[1] Además, le impuso una fianza en

---

[1] Apéndice, págs. 1-13. Nótese que, si no especificamos el número del recurso al hacer referencia al apéndice es porque los documentos se encuentran en las mismas páginas en los expedientes de ambos recursos.

Número Identificador:

SEN2024_____

apelación de $5,000.00. Cabe indicar que, en este recurso, la Sra. Torres Trujillo presenta una moción en auxilio de jurisdicción, y allí solicita que, ordenemos la paralización de los procesos ante el TPI hasta tanto adjudiquemos su recurso.

Posteriormente, la Sra. Torres Trujillo insta el recurso núm. KLAN202400778 mediante el cual interesa que revisemos la *Sentencia Parcial Enmendada,* notificada el 7 de agosto de 2024, en donde el TPI dejó sin efecto la imposición de la fianza en apelación y dispuso que el lanzamiento será efectivo a los cinco (5) días de la sentencia enmendada advenir final y firme.[2]

Conforme nos autoriza la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 80.1, ordenamos la consolidación de los recursos de epígrafe en aras de garantizar mayor transparencia, agilidad y efectividad en el manejo de los asuntos pendientes ante nos. Tome nota la Secretaría y las partes, a los fines de que en todo escrito deben utilizar el epígrafe de esta *Sentencia.*

Por los fundamentos que expondremos a continuación, ordenamos la desestimación del recurso núm. KLAN202400702. En cuanto al recurso núm. KLAN202400778, revocamos la *Sentencia Parcial Enmendada* por haber sido emitida sin jurisdicción. Veamos.

**I.**

La presente causa la inició el señor Héctor Rafael Serrano Mills (Sr. Serrano Mills o apelado) al instar una *Demanda* sobre sentencia declaratoria, acción declaratoria de usucapión, prescripción adquisitiva extraordinaria, solicitud de desahucio ordinario y cobro de dinero en contra de Ana María, Catalina, Concepción, Elena, Ernesto, Isabel, Jorge, José, Julia y Margarita, todos de apellidos Mills Sevilla, sus correspondientes sucesiones, la

---

[2] Apéndice, págs. 316-327 del recurso núm. KLAN202400778.

Sra. Torres Trujillo y el Centro de Recaudación de Ingresos Municipales.[3] En apretada síntesis, el Sr. Serrano Mills alegó que ha ostentado la posesión en concepto de dueño del inmueble, ubicado en la Calle Hoare 706, San Juan, Puerto Rico 00908, durante más de treinta (30) años. Lo antes, con la anuencia de su hoy difunta madre, Rosario Mills Sevilla y demás codueños, sin que estos participen de los beneficios y cargas de tal posesión. Al amparo de la prescripción adquisitiva extraordinaria, adujo poder adquirir el dominio del referido inmueble.

A su vez, la causa de acción de desahucio es en contra de la Sra. Torres Trujillo con quien suscribió un contrato de arrendamiento sobre el referido inmueble para su uso como taller de trabajo a cambio de un canon de $500.00 mensuales. Expuso que, el contrato venció durante el mes de octubre del año 2020 y que, a pesar de sus esfuerzos, no ha logrado que la Sra. Torres Trujillo desaloje la propiedad.

En respuesta, la Sra. Torres Trujillo acreditó su alegación responsiva.[4] Negó que el inmueble se alquiló como lugar de trabajo porque realmente se alquiló para uso de vivienda. Cuestionó la legitimación activa del Sr. Serrano Mills para solicitar su desalojo por este no ser el titular registral de la propiedad objeto de este pleito. Expuso que, debido a conversaciones entre las partes dirigidas a la posibilidad de ella comprar la propiedad, realizó unas mejoras. A tales efectos, instó una reconvención con el fin de recobrar su inversión de $45,000.00, aproximadamente.

Pendiente lo anterior, el TPI le anotó la rebeldía a los demás codemandados, quienes fueron emplazados por edicto.[5]

---

[3] Apéndice, págs. 14-29.
[4] Apéndice, págs. 61-76.
[5] Apéndice, págs.77-78, 97.

Así las cosas, contestada la reconvención[6] y finalizado el descubrimiento de prueba, el Sr. Serrano Mills interpuso un petitorio sumario.[7] Por entender que, al contestar la demanda, la Sra. Torres Trujillo no controvirtió el hecho que ocupa el inmueble sin título y sin sufragar pago de arrendamiento, el Sr. Serrano Mills solicitó su desalojo, así como el pago de los meses adeudados por concepto de cánones de arrendamiento conforme la Regla 36 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 36.

En reacción, la Sra. Torres Trujillo se opuso a la moción de sentencia sumaria promovida por el apelado.[8] Allí aseguró que, vencido el contrato original, entre el 20 de octubre de 2020 y el mes de noviembre del mismo año, ella y el Sr. Serrano Mills negociaron un canon de arrendamiento de $750.00 mensuales como parte de unas conversaciones para la compraventa del referido inmueble. En su escrito en oposición también identificó asuntos que a su entender están en controversia.

Evaluado lo anterior, el foro primario notificó, el 17 de julio de 2024, la *Sentencia Parcial* apelada en la cual únicamente adjudicó la causa de acción de desahucio. A esos efectos, ordenó a la Sra. Torres Trujillo a desalojar la propiedad dentro del término de cinco (5) días contados a partir del archivo en autos de la notificación de su sentencia y le impuso una fianza en apelación de $5,000.00.

En desacuerdo, al día siguiente, la Sra. Torres Trujillo instó una *Urgente Moción de Reconsideración* en donde cuestionó, tanto la determinación del foro primario de aplicar el término de apelación correspondiente a un proceso de desahucio sumario, cuando la

---

[6] Apéndice, págs. 79-90.

[7] Apéndice, págs. 178-183. Junto a su petitorio incluyó: Anejo 1-Contrato de Arrendamiento suscrito el 14 de abril de 2016.

[8] Apéndice, págs. 194-229. Con la Oposición anejó los siguientes documentos: Exhibit 1-Contrato de Arrendamiento suscrito el 14 de abril de 2016; Exhibit 2-*Contestación a Interrogatorio y Producción de Documentos* de Héctor Rafael Serrano Mills; Exhibit 3-Copia de cheque número 9288 por la cantidad de $6,000.00; y Exhibit 4-Desglose de mejoras invertidas en la propiedad #706, Calle Hoare, Santurce.

causa fue tramitada por la vía ordinaria, así como la fijación de una fianza en apelación a una parte indigente.[9] Pendiente la moción de reconsideración ante el TPI, el 24 de julio de 2024, la Sra. Torres Trujillo insta ante esta Curia el recurso núm. KLAN202400702, y posteriormente presenta una moción en auxilio de jurisdicción. En su recurso, le imputa al foro primario lo siguiente:

> Erró el Tribunal de Primera Instancia al resolver que la parte demandada-apelante debía presentar su apelación en 5 días, contados a partir de la notificación de la sentencia, a pesar de que el caso de epígrafe se ha tramitado desde su presentación como una acción de naturaleza ordinaria.
>
> Erró el Tribunal de Primera Instancia al no relevar de imposición de fianza en apelación a la parte demandada apelante, a pesar de que del expediente judicial surge que es una persona en estado de indigencia, debidamente cualificada y representada por la Oficina Legal de la Comunidad y la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico.
>
> Erró el Tribunal de Primera Instancia al declarar con lugar la moción de sentencia sumaria presentada por la parte demandante-apelada, a pesar de que en este caso existen controversias sustanciales sobre hechos materiales que deben ser adjudicados luego de celebrada una vista en su fondo.
>
> Erró el Tribunal de Primera Instancia al ordenar el desahucio de la demandada-apelante sin antes resolver la procedencia de la acción declaratoria de usucapión incoada por el demandante[.]

A pesar de lo anterior, y en atención a la moción de reconsideración pendiente ante sí, el 29 de julio de 2024, el foro primario concedió un término al Sr. Serrano Mills para oponerse.[10] En cumplimiento con lo anterior, el 30 de julio de 2024, el apelado compareció y cuestionó la cualificación de la apelante como persona indigente.[11] Separadamente, pero en igual fecha, el Sr. Serrano Mills instó una *Urgente moción informativa y solicitud de orden* en donde le imputa a la apelante haber publicado anuncios sobre la venta de

---

[9] Apéndice, págs. 264-277.
[10] Apéndice, pág. 280 del recurso núm. KLAN202400778.
[11] Apéndice, págs. 281-288 del recurso núm. KLAN202400778.

la propiedad objeto de este litigio, sin ostentar un derecho propietario.[12]

Por su parte, la Sra. Torres Trujillo presentó ante el TPI una *Moción sobre paralización por apelación.*[13] Expuso que, todos los asuntos ante el foro primario quedaron paralizados con la presentación del recurso de apelación ante el Tribunal de Apelaciones hasta que este foro revisor se exprese y envíe el correspondiente mandato. Además, negó las imputaciones que hizo el apelado relacionadas a las alegadas publicaciones de anuncios de venta de la propiedad.

No obstante lo anterior, el 7 de agosto de 2024, el TPI notificó una *Orden* mediante la cual dio por sometido el petitorio de reconsideración pendiente de su adjudicación.[14] De igual manera, notificó un dictamen en el cual se negó a paralizar los procesos ante sí.[15] En torno a la moción urgente y en solicitud de orden que presentó el Sr. Serrano Mills, el foro primario exigió a la apelante mostrar causa por la cual no debiera proceder según solicitó el apelado.[16] Por último, ese mismo día, sin adjudicar propiamente la moción de reconsideración sometida ante su consideración, notificó la *Sentencia Parcial Enmendada.* En ella hizo constar "[s]e enmienda la *Sentencia parcial* a los únicos efectos de dejar sin efecto la imposición de fianza en apelación, en consideración con [sic] que la Sra. Torres Trujillo está representada en el caso de autos por el Proyecto DeCiudad, Oficina Legal de la Comunidad, Inc. y para aclarar que el lanzamiento adviene efectivo en el término de 5 días, contados a partir de la fecha en la que el presente dictamen advenga final y firme."[17]

---

[12] Apéndice, págs. 302-303 del recurso núm. KLAN202400778.
[13] Apéndice, págs. 309-310 del recurso núm. KLAN202400778.
[14] Apéndice, pág. 312 del recurso núm. KLAN202400778.
[15] Apéndice, pág. 313 del recurso núm. KLAN202400778.
[16] Apéndice, pág. 314 del recurso núm. KLAN202400778.
[17] Apéndice, pág. 316 del recurso núm. KLAN202400778.

En búsqueda de remedios, el 16 de agosto de 2024, la apelante presenta ante esta Curia el recurso de apelación núm. KLAN202400778. Señala los mismos errores que en su recurso anterior, con exclusión del error atinente a la fianza en apelación, luego de que, el foro primario eliminó la fijación de la fianza al enmendar su dictamen.

Entretanto, en cumplimiento con nuestra *Resolución* (recurso núm. KLAN202400702), el apelado solicita la desestimación del recurso por falta de jurisdicción por prematuro. Detalla que, la apelante acudió prematuramente ante esta Curia mediante el recurso núm. KLAN202400702, previo al TPI adjudicar su moción de reconsideración.

Hemos examinado con detenimiento los recursos sometidos por la apelante. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5).

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la

responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a

actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### III.

Según expusimos en el tracto procesal, la apelante nos solicita, mediante recursos de apelación distintos, que revoquemos la *Sentencia Parcial* y la *Sentencia Parcial Enmendada* notificadas por el foro primario, las cuales versan sobre un proceso de desahucio que se ventila por el curso ordinario.[18]

Antes de ejercer nuestra función revisora, precisa que auscultemos si gozamos de jurisdicción para entender sobre la presente causa. Nótese que, la apelante insta el recurso de apelación (KLAN202400702), luego de presentar ante el TPI un oportuno y fundamentado petitorio de reconsideración, pero antes de que dicho foro lo adjudicara. En términos generales, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión antes de apelar o de acudir en revisión judicial, a modo de que el foro adjudicativo enmiende o corrija los errores cometidos al emitir su dictamen. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

Como se sabe, el término de revisión judicial puede ser interrumpido por una oportuna y fundamentada solicitud de reconsideración. *Simons y otros v. Leaf Petroleum Corp.,* 209 DPR

---

[18] Cabe señalar que surge de la *Sentencia Parcial* y la *Sentencia Parcial Enmendada* que, el TPI consignó que atendería el asunto del desahucio por la vía ordinaria. Véase pág. 10 de ambos dictámenes.

216, 224 (2022). Por consiguiente, un recurso apelativo presentado antes de que el foro primario adjudique una moción de reconsideración deberá ser desestimado por prematuro. *Mun. Rincón v. Velázquez Muñiz y otros,* 192 DPR 989, 1004 (2015).

Dado que la moción de reconsideración que instó la apelante cumplió con los requerimientos de la citada Regla 47 *supra,* hasta tanto el foro primario no adjudicara los asuntos objeto de reconsideración, quedaron suspendidos los términos para recurrir en alzada. De manera que, procede desestimar el recurso núm. KLAN202400702 por prematuro. *Mun. Rincón v. Velázquez Muñiz y otros,* supra. En virtud de lo anterior, declaramos Ha Lugar el petitorio de desestimación presentado por el apelado.

A lo antes se añade que, luego de que la apelante insta el primer recurso de apelación ante esta Curia, el 24 de julio de 2024, el foro primario emitió y notificó su *Sentencia Parcial Enmendada.* Cabe puntualizar que, con respecto al efecto de la presentación de un recurso de apelación, tanto la Regla 52.3(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3(a), como la Regla 18(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 18(A), establecen que, **una vez se presenta una apelación, quedan suspendidos todos los procesos ante los tribunales inferiores**, en lo atinente a la sentencia o al asunto comprendido en ella del cual se apela. *Colón y otros v. Frito Lays,* 186 DPR 135 (2012). Lo antes, salvo que el foro apelativo disponga lo contrario o cuando se trate de la venta de bienes susceptibles de pérdida o deterioro, de una orden de *injunction, mandamus* o de hacer o desistir, de una orden de pago de alimentos, o de una orden sobre custodia o relaciones filiales. *Íd.* El Alto Foro dispuso que, luego de paralizados los procesos en el foro de origen por razón de la presentación de la apelación, el foro primario pierde su facultad para atender controversias planteadas en alzada y no vuelve a adquirir

jurisdicción sobre ellas hasta tanto el tribunal revisor le remita el mandato correspondiente. *Íd* a la pág. 154.

Añádase a ello que, en este caso observamos que, los codemandados fueron emplazados por edicto y el TPI le anotó la rebeldía. De un examen del expediente tampoco surge que, el TPI haya ordenado la correspondiente notificación de ambas sentencias por edicto, conforme exige la Regla 65.3(c) de las Reglas de Procedimiento Civil, *supra.*

A tenor con la normativa antes expuesta, toda actuación del foro primario -con posterioridad al 24 de julio de 2024 y relacionada a los asuntos objeto de revisión judicial- resulta inoficiosa. Fundamentado en lo anterior, revocamos la *Sentencia Parcial Enmendada* por haber sido emitida sin jurisdicción.

**IV.**

Por los fundamentos esbozados, desestimamos el recurso núm. KLAN202400702 por falta de jurisdicción. Además, en cuanto al recurso núm. KLAN202400778, revocamos la *Sentencia Parcial Enmendada* por el Tribunal de Primera Instancia haberla emitido sin jurisdicción.

Se ordena a la Secretaría el desglose de los apéndices presentados.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones