Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUIS RAFAEL SALA LUGO, FRANCISCO JAVIER SALA LUGO Y NICOLLE LIZZETTE SALA LUGO<br><br>Recurridos<br><br>v.<br><br>FJR ACQUISITION, LLC A/C/C FJR ACQUISITION CORP. Y FRANCISCO JOSÉ RIVERA FERNÁNDEZ<br><br>Peticionarios<br><br>ANTONIO LUIS SALA PIETRI<br><br>Parte con Interés | KLCE202401340 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Manatí<br><br>Caso número: AR2019CV00895<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece la parte peticionaria, FJR Acquisition, LLC y Francisco J. Rivera Fernández, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Manatí, el 17 de septiembre de 2024, notificada el 19 del mismo mes y año. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria presentada por la parte recurrida, Luis R. Sala Lugo, Francisco J. Sala Lugo y Nicolle L. Sala Lugo.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción, por ser prematuro. Veamos.

Número Identificador

SEN2024 _____

**I**

El 17 de septiembre de 2024, notificada el 19 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la solicitud de sentencia sumaria promovida por Luis R. Sala Lugo, Francisco J. Sala Lugo y Nicolle L. Sala Lugo (recurridos).[1]

En desacuerdo, el 4 de octubre de 2024, FJR Acquisition, LLC y Francisco J. Rivera Fernández (peticionarios) instaron una *Moción en Solicitud de Determinaciones de Hechos, Conclusiones de Derecho y Reconsideración de "Resolución"*.[2] Por su parte, en igual fecha, los recurridos presentaron una *Moción de Reconsideración*.[3]

Pendiente lo anterior, el 9 de octubre de 2024, los recurridos sometieron una *Moción en Cumplimiento de Orden y en Solicitud de Vista Argumentativa*.[4] En esencia, sostuvieron que, en aras de asistir al foro juzgador en la evaluación de ambas mociones de reconsideración, procedía que se señalara una vista argumentativa para la discusión de los referidos escritos. Atendida la solicitud, el mismo día, el foro primario emitió una *Orden* mediante la cual señaló vista argumentativa para el 12 de diciembre de 2024, con el propósito de discutir la solicitud de sentencia sumaria denegada, así como los escritos relacionados a esta.

En respuesta a la moción de reconsideración de los recurridos, el 28 de octubre de 2024, los peticionarios se opusieron.[5] Asimismo, el 12 de noviembre de 2024, los recurridos se opusieron a la solicitud de reconsideración de los peticionarios.[6]

Evaluada la *Moción en Cumplimiento de Orden y en Solicitud de Vista Argumentativa*, así como la oposición a esta, el 13 de

---

[1] Exhibit 43 del recurso, págs. 253-266.
[2] Exhibit 44 del recurso, págs. 267-275.
[3] Exhibit 45 del recurso, págs. 276-284.
[4] Exhibit 46 del recurso, págs. 285-287.
[5] Exhibit 47 del recurso, págs. 288-289.
[6] Exhibit 48 del recurso, págs. 290-297.

noviembre de 2024, el foro *a quo* emitió y notificó una *Orden*.[7] En esta, declaró No Ha Lugar la solicitud de reconsideración de la parte peticionaria, por los fundamentos expuestos en la oposición presentada por la parte recurrida.

Así las cosas, el 9 de diciembre de 2024, los peticionarios presentaron una moción mediante la cual solicitaron que se dejara sin efecto la vista argumentativa señalada.[8] En síntesis, arguyeron que los escritos relacionados a la solicitud de sentencia sumaria denegada, objetos de discusión en la mencionada vista, fueron resueltos mediante la *Orden* del 13 de noviembre del año corriente. En virtud de ello, sostuvieron que procedía dejar sin efecto la vista argumentativa por ser académica. En atención a ello, el foro sentenciador declaró Ha Lugar lo solicitado por los peticionarios.[9]

El mismo día, los recurridos se opusieron.[10] Plantearon que la *Orden* del 13 de noviembre de 2024 únicamente dispuso de la moción de reconsideración presentada por los peticionarios, pero quedaba pendiente de adjudicación la solicitud de reconsideración presentada por estos en igual fecha. Por tanto, solicitaron que se mantuviera el señalamiento de la vista argumentativa. Examinado el escrito de los recurridos, el tribunal de instancia lo declaró Ha Lugar y mantuvo vigente la vista señalada para el 12 de diciembre de 2024.[11]

Celebrada la vista argumentativa, el Tribunal de Primera Instancia nada dispuso en cuanto a la moción de reconsideración pendiente de adjudicación. Surge de la *Minuta* de dicha vista que la representación legal de los recurridos no compareció al señalamiento, ya que –por error– se encontraba en el Tribunal de

---

[7] Exhibit 49 del recurso, págs. 298-299.
[8] Entrada Núm. 208 en el Caso Núm. AR2019CV00895 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[9] Entrada Núm. 210 en el Caso Núm. AR2019CV00895 en el SUMAC.
[10] Entrada Núm. 209 en el Caso Núm. AR2019CV00895 en el SUMAC.
[11] Entrada Núm. 211 en el Caso Núm. AR2019CV00895 en el SUMAC.

Arecibo, en lugar del de Manatí.[12] Por su parte, los peticionarios comparecieron y solicitaron que se declarara No Ha Lugar la solicitud de reconsideración promovida por los recurridos. No obstante, el foro primario expresó lo siguiente: "Nada se dispone en cuanto a la solicitud [de los peticionarios]. El caso queda sin señalamiento".

El 13 de diciembre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

> Erró el TPI al haber declarado "No Ha Lugar" la *Moción en Solicitud de Determinaciones de Hechos, Conclusiones de Derecho y Reconsideración de Resolución"* y haber determinado que no existe una novación extintiva que produjo que el Sr. Francisco J. Rivera Fernández no sea un deudor solidario.

Pendiente lo anterior, el 16 de diciembre de 2024, los recurridos presentaron ante el foro de origen una *Moción Sobre Señalamiento de[l] 12 de diciembre de 2024 y Reiterando Moción de Reconsideración.*[13] En esencia, indicaron las razones por las cuales su representación legal no compareció a la vista argumentativa y reiteraron su *Moción de Reconsideración,* la cual seguía pendiente de adjudicación.

Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte peticionaria y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

---

[12] Entrada Núm. 212 en el Caso Núm. AR2019CV00895 en el SUMAC.
[13] Entrada Núm. 213 en el Caso Núm. AR2019CV00895 en el SUMAC.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la

controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

La Regla 47 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47, dispone lo concerniente a la presentación de la moción de reconsideración y sus efectos procesales. En ella, se dispone que la parte adversamente afectada por una resolución u orden del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la resolución u orden, presentar una moción de reconsideración. En términos generales, lo que se procura es que el tribunal considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014).

El Tribunal Supremo de Puerto Rico ha establecido que, **una vez presentada la moción de reconsideración** y/o de determinaciones iniciales o adicionales **de manera oportuna quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. En lo pertinente, el tratadista José A. Cuevas Segarra (Cuevas Segarra), adelantó que la controversia actualmente de cuándo se entendía como oportuna una moción se iba a trasladar a la consideración sobre si la moción cumple o no con los requisitos de especificidad de la citada Regla. A lo que añadió que, salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la precitada Regla.

J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS, Tomo II, pág. 1366. Por otra parte, añadió que la moción no tendrá efecto interruptor, ya sea titulada reconsideración o de enmiendas a las determinaciones de hechos y conclusiones de derechos adicionales cuando —excepto por el título— nada en la moción aluda a la reconsideración, a las determinaciones o conclusiones adicionales solicitadas, ni se alegue su pertinencia para un recurso apelativo. *Íd.* Tales requisitos tienen como propósito disuadir la presentación de escuetas mociones dirigidas únicamente a dilatar la finalidad de la sentencia. *Íd.* Es por ello que las mociones de reconsideración deben de examinarse caso a caso, a la luz de las particulares controversias de hechos pertinentes y materiales que presenten, de manera flexible. *Íd.* A tenor con lo anterior, el tratadista Cuevas Segarra razonó que no existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de esta que puedan afectar el derecho de apelación. *Íd.*

Una vez presentada de manera oportuna la moción sobre reconsideración, el término para recurrir en alzada comenzará a decursar nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción. 32 LPRA Ap. V, R. 43.2; *Mun. Rincón v. Velázquez Muñíz y otros*, 192 DPR 989, 1000 (2015). Es decir, contrario a lo que ocurría bajo las Reglas de Procedimiento Civil de 1979, en la que el término para recurrir en alzada se entendía interrumpido únicamente si el tribunal consideraba la moción, ahora **la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía y comenzará a transcurrir una vez el foro primario resuelva definitivamente la solicitud de reconsideración** y/o determinaciones iniciales o adicionales. *Morales y otros v. The Sheraton Corp.*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Cónsono con lo anterior, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si los términos jurisdiccionales para acudir en alzada ante este Foro comenzaron a transcurrir. Veamos.

El recurso que nos ocupa fue presentado el 13 de diciembre de 2024. A la fecha de presentación, encontrándose la *Moción de Reconsideración* presentada por los recurridos el 4 de octubre de 2024, así como la oposición a esta, pendientes de consideración por el Tribunal de Primera Instancia, el recurso presentado ante este Foro es uno prematuro, privándonos de jurisdicción.

Entendemos por prematuro, lo que ocurre antes de tiempo. En el ámbito procesal, una apelación o recurso prematuro es aquel presentado en la Secretaría de un Tribunal Apelativo antes de que este tenga jurisdicción. En este caso, un auto de *certiorari* prematuro sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra.

Independientemente de los méritos que pueda tener un recurso presentado ante esta Curia, en ausencia de jurisdicción, lo único que podemos hacer es así declararlo. Después de todo, la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía. *Morales y otros v. The Sheraton Corp.*, supra. Es a partir de la fecha en que se archiva en autos copia de la notificación de la

resolución resolviendo, en el caso de autos, la moción de reconsideración presentada por la parte recurrida que los términos para recurrir en alzada comienzan a decursar.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción, por ser prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente**.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones