ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JOANEL CRUET TORRES<br><br>Recurrida<br><br>v.<br><br>ABZCO, LLC H/N/C BRITO DEVELOPMENT; PRLP FE PROPERTIES LLC<br><br>Recurrente | TA2025RA00129 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2020-0007508<br><br>Sobre: Compra Venta de Vivienda a Desarrollador (Ley Núm. 130 de 13 de junio de 1967, Según Enmendada) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de octubre de 2025.

Comparece la parte recurrente, ABZCO LLC, PRLP FE Properties LLC (en conjunto, parte recurrente), y nos solicita que revoquemos una Resolución emitida por el Departamento de Asuntos del Consumidor (DACo) el 28 de mayo de 2025. Ante dicha Resolución, el 17 de junio de 2025, la parte recurrente presentó, por separado, una solicitud de reconsideración. No obstante, el DACo no se expresó sobre ninguna de las solicitudes, por lo que se entienden rechazadas de plano el 2 de julio de 2025. Así las cosas, el 3 de agosto de 2025 la parte recurrente compareció ante *nos* mediante Recurso de Revisión Administrativa.

Por las razones que expondremos a continuación, desestimamos el recurso por falta de jurisdicción por tardío.

**I.**

Según surge del expediente del caso ante nuestra consideración, Joanel Cruet Torres (parte recurrida) presentó una Querella ante el DACo contra la parte recurrente. En esta, alegó que el 23 de agosto de 2017, otorgó un contrato de compraventa sobre un inmueble. Añadió que, la parte recurrente estaba en incumplimiento del contrato debido a que el color de los gabinetes de la cocina en la vivienda no eran del mismo color que los de la casa modelo. Luego de varios trámites procesales, el 30 de agosto de 2021, se comenzó la vista en su fondo. No obstante, no fue hasta el 12 de diciembre de 2024 que se culminó la misma.

Posteriormente, el 28 de mayo de 2025, el DACo emitió una Resolución mediante la cual condenó a la parte recurrente a pagar la cantidad de treinta y cinco mil dólares ($35,000.00) a la parte recurrida.

**II.**

**A. La jurisdicción**

La *jurisdicción* es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022); *Pérez et al. v. Lares Medical et al.*, 207 DPR 965 (2021); *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018).

Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no contamos discreción para asumir jurisdicción donde no la tenemos. *Pueblo v. Ríos Nieves, supra*; *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98 (2013). Asimismo, nuestro más alto Foro ha reiterado que la ausencia de jurisdicción no puede ser subsanada por las partes. *Íd.* Es por ello, que las cuestiones

relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. *Íd.*

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra*; *Pueblo v. Ríos Nieves, supra*; *Mun. de Rincón v. Velázquez Muñiz y otros*, 192 DPR 989 (2015). Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra; *Yumac Home v. Empresas Massó, supra*; *Shell v. Srio. Hacienda*, 187 DPR 109 (2012).

### B.  Solicitud de Reconsideración.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38 de 30 de junio de 2017 (3 LPRA sec. 9601) (Ley 38-2017), establece lo relativo a la solicitud de reconsideración ante las agencias administrativas y su efecto sobre el término para presentar un recurso de revisión administrativo ante el Tribunal de Apelaciones.

Sobre el particular, la Sección 3.15 de la Ley 38-2017 (3 LPRA sec. 9655) dispone lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos

noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

### C. La presentación del recurso de revisión

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de revisión está regulado por la Regla 57 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 79, 215 DPR __ (2025). A esos efectos, la Regla 57 establece el término para presentar el recurso de revisión. Sobre el particular, dispone que el escrito inicial de revisión **deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.**

### III.

Como cuestión de umbral, este tribunal intermedio tiene la obligación de auscultar nuestra jurisdicción para atender el recurso de revisión administrativa presentado. Un examen cuidadoso del expediente judicial ante esta Curia demuestra que la parte recurrente incumplió con el perfeccionamiento del presente recurso de revisión dentro del término jurisdiccional de treinta (30) días.

La Resolución fue emitida por el Departamento de Asuntos del Consumidor (DACo) el 28 de mayo de 2025. Inconforme con dicha Resolución, el 17 de junio de 2025, la parte recurrente presentó, por separado, una solicitud de reconsideración. No obstante, el DACo

no se expresó sobre ninguna de las solicitudes, por lo que se entienden rechazadas de plano el 2 de julio de 2025. A partir de esa fecha, la parte recurrente contaba con un término jurisdiccional de treinta (30) días para presentar su recurso de Revisión Administrativa, eso es, hasta el 1 de agosto de 2025. No obstante, éste lo presentó el 3 de agosto de 2025.

Por lo tanto, el recurso fue presentado pasados los treinta (30) días jurisdiccionales que dispone la Regla 57 de nuestro reglamento. En consecuencia, procede la desestimación del recurso por falta de jurisdicción.

**IV**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, desestimamos el recurso de revisión por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones