Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| DAVID LUCIANO PEÑA<br>Recurrido<br><br>v.<br><br>ELIZABETH LUCIANO GONZÁLEZ, CYNTHIA LUCIANO GONZÁLEZ T/C/C CYNTHIA GONZÁLEZ LUCIANO, DANIEL LUCIANO GONZÁLEZ, LUIS DANIEL LUCIANO RIVERA, DAVID LUCIANO RIVERA, DANYLEE LUCIANO RIVERA y MYRNA ROSA GONZÁLEZ IRIZARRY<br>Peticionarios | TA2025CE00126 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2024CV00712<br><br>Sobre:<br>Liquidación De Comunidad Hereditaria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparecen Myrna Rosa González, Cynthia Luciano González y Elizabeth Luciano González (las peticionarias), mediante recurso de *certiorari*, solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 9 de junio de 2025, notificada al próximo día. A través de su dictamen, el foro primario declaró *No Ha Lugar* una *Reconsideración a Resolución en Reconsideración* (en adelante, *Segunda reconsideración*), presentada por las peticionarias. En lo que nos concierne, el foro primario hizo constar en dicha resolución interlocutoria que, considerada la *Segunda reconsideración*, cabía denegarla, pues: 1) no se había alterado sustancialmente la *Resolución* cuya reconsideración se solicitaba y; 2) se

basó en los mismos argumentos presentados en la primera petición de reconsideración.

Entonces, aludiendo a los fundamentos expuestos por el foro recurrido para denegar la *Segunda reconsideración*, la parte recurrida de epígrafe acudió ante nosotros solicitando la desestimación del recurso de *certiorari*, esgrimiendo que la *Segunda reconsideración* no tuvo efecto de paralizar los términos para acudir ante este Tribunal de Apelaciones, por lo que, a la fecha de su presentación, ya estaba tardío.

Como se nota, lo anterior plantea una interrogante sobre nuestra jurisdicción para atender el recurso de *certiorari*, cuya dilucidación prima sobre cualquier otro asunto. Según se sabe, las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015).

## I. Resumen del tracto procesal

Ateniéndonos a plasmar los datos procesales pertinentes al asunto jurisdiccional, el señor David Luciano Peña (recurrido) presentó una *Demanda* sobre liquidación de comunidad hereditaria contra las peticionarias y otros familiares el 1 de mayo de 2024. En síntesis, sostuvo que su causa de acción tenía como origen el fallecimiento de sus padres, el señor Daniel Luciano Arroyo y la señora Edie Peña Barbosa, y de su hermano mayor, el señor Daniel Luciano Peña. Adujo que su padre y hermano fallecieron intestados, mientras que su madre falleció habiendo otorgado testamento, en el que lo designó albacea testamentario, habiendo el Tribunal aprobado las Cartas Testamentarias correspondientes. Indicó que, luego del fallecimiento del señor Daniel Luciano Peña, el TPI declaró como sus únicos y universales herederos a sus seis hijos, Elizabeth Luciano González, Cynthia Luciano González, Daniel Luciano González, Luis Daniel Luciano Rivera, David Luciano Rivera y Danylee Luciano Rivera, y a su viuda, Myrna Rosa González Irizarry. Entonces, esgrimiendo

el ejercicio de sus facultades y obligaciones como albacea, solicitó como remedios al Tribunal que ordenara las siguientes *medidas cautelares* para la protección y preservación del caudal sujeto a partición:

a. Emita orden **autorizando la venta del inmueble por la suma de $250,000.00**, y que con el producto de la venta se proceda a satisfacer: (a) los aranceles para la presentación e inscripción de las Instancias de causantes Luciano Arroyo y Peña Barbosa, (b) los honorarios del notario por la escritura de compraventa y los aranceles de la escritura original, (c) el pago de las contribuciones adeudadas al CRIM, y (d) el pago del mantenimiento del panteón localizado en el Cementerio Mayagüez Memorial;

b. Ordene al Alguacil General de la Región Judicial de Mayagüez a comparecer al otorgamiento de la escritura de compraventa para que firme en representación de los demandados sujeto a la cancelación de los correspondientes aranceles dispuestos para su comparecencia; y

c. Ordene la consignación del sobrante del producto de la compraventa en la Unidad de Cuentas del Centro Judicial para su distribución posterior entre los herederos de conformidad al cuaderno particional que en su día se apruebe.[1]

(Énfasis provisto).

En respuesta, el 17 de junio de 2024, las señoras Myrna Rosa González Irizarry y Cynthia Luciano González presentaron *Contestación a la Demanda,* aceptando algunas de las alegaciones, negando otras y levantando defensas afirmativas. Al negar las alegaciones, adujeron que: el albacea no se había comunicado con los herederos a seis años de la muerte del causante; que había concluido el término legal para el ejercicio del albaceazgo; las acciones de este habían sido *ultra vires*, en tanto no contaron con la participación de los herederos.

El recurrido instó *Réplica a contestación de demanda*, atendiendo los asuntos contenidos en la última oración del párrafo que precede.

Posteriormente, la señora Elizabeth Luciano González también instó *Contestación a demanda*, aceptando ciertas alegaciones, negando otras y levantando defensas afirmativas. Tal cual fue argumentado en la contestación a demanda de las herederas que le precedió, esta sostuvo que el nombramiento de albacea no fue conforme a ley y que el inventario y

---

[1] *Demanda*, Entrada 1 de SUMAC (TA), págs. 5-6.

avalúo de los bienes incluido en la *Demanda* no contó con la participación de los herederos; por tanto, debía reputarse *ultra vires*.

Mediante sendas mociones, el 4 de noviembre de 2024, el recurrido consignó en el Tribunal un cheque de gerente de quinientos dólares de los prospectos compradores del inmueble junto al contrato de opción de compra para llevar a cabo dicho negocio jurídico.

Más adelante, las peticionarias comparecieron en conjunto mediante moción al TPI, oponiéndose a las medidas cautelares solicitadas por el recurrido, a la consignación del dinero y al contrato de opción relativo al inmueble que cuya venta se pretendía en particular.

El recurrido replicó a ello, advirtiendo que había realizado todos los esfuerzos a su alcance para conservar la integridad de los bienes que conforman el caudal sujeto a partición, entre los cuales estaba el inmueble cuya venta se proponía, todo ello a expensas de su trabajo y los dineros de su peculio personal, sin que estas hubiesen aportado nada para la conservación de dicho bien, y dilatando los procesos para asumir las obligaciones fiscales pendientes.

Luego de ser atendidos varios incidentes procesales, la señora Elizabeth Luciano González le solicitó al TPI adquirir la propiedad a ser vendida a un tercero por el precio de tasación ($200,000).

Visto lo anterior, el TPI emitió una *Resolución* el 27 de enero de 2025 bajos los siguientes términos:

> Examinados los escritos de las partes, surge que a la fecha no existe un relevo de gravamen emitido por el Departamento de Hacienda debido a que la Planilla de Caudal Relicto tiene que ser enmendada y a su vez existen deudas del CRIM que impiden su radicación si no se acompañan documentos para emitir un relevo de gravamen condicionado.
>
> Ante este Tribunal la parte demandante ha presentado un Contrato de Compraventa de una de las propiedades por la cantidad de **$250,000 (en efectivo)** y se presentó a la consideración del Tribunal una consignación de $500.00 que aún no ha sido aceptada. La parte demandada se opone debido a su interés de comprar la propiedad por el precio de tasación de $200,000.
>
> Este Tribunal señala vista para la discusión de mociones para el 11 de marzo de 2025 a la 1:30 pm mediante videoconferencia. Se

ordena a la parte que 10 días antes de la referida vista acrediten mediante moción lo siguiente;

1. Estado de Cuenta del CRIM en torno a todas las propiedades del caudal hereditario.

2. Estado de cuenta o certificación del banco de que el prospecto comprador cuenta con el dinero en efectivo ($250,000) para adquirir la propiedad en controversia.

3. **Estado de cuenta del heredero que desea adquirir la propiedad para acreditar que cuenta con el dinero $200,000 para adquirir la propiedad en controversia.**

Al no poseer un Relevo de Gravamen emitido por el Departamento de Hacienda el presente caso no tiene madurez (justiciable) para ser resuelto por este Tribunal. Todas las partes tomen conocimiento de lo dispuesto en la Sección 2054.05. de la Ley 1 -2011 conocida como el Código de Rentas Internas para un Nuevo Puerto Rico.[2] (Énfasis provisto).

Llegada la fecha pautada para la celebración de la vista, el 11 de marzo de 2025, las partes acudieron con sus respectivos representantes legales, a quienes el foro recurrido les concedió amplio espacio para argumentar sobre los asuntos pendientes, con la activa participación de la Juez que presidió el proceso, Hon. Isabel Padilla Zapata. En lo que nos atañe, el Tribunal cuestionó a la representación legal de la señora Elizabeth Luciano González, quien había expresado interés en comprar el inmueble, por qué debería proceder la aprobación de la venta del inmueble a su favor por una cantidad menor a la ofrecida por un tercero, (doscientos mil vs. doscientos cincuenta mil), en detrimento de los mejores intereses de la comunidad hereditaria. Como respuesta, el abogado de esta solo indicó que *ya lo había dialogado con sus representadas.* Entonces, luego de discutir varios asuntos procesales pendientes, el TPI emitió y notificó una *Resolución y Orden,* el 18 de marzo de 2025, disponiendo lo siguiente: **la tasación del inmueble no está en controversia (doscientos mil dólares); se aprueba el contrato de compraventa al tercero por la suma de $250,000, con la consignación al Tribunal de cuarenta mil dólares; se pagará la deuda del CRIM pendiente con el dinero a ser consignado; las**

---

[2] *Resolución y Orden,* Entrada Núm. 67 de SUMAC.

**partes deberán levantar un acta de inventario con el fin de radicar la planilla de caudal relicto enmendada de los causantes; la compraventa se llevará a cabo una vez se obtenga el correspondiente relevo del Departamento de Hacienda**. (Énfasis provisto).

Inconformes, el 2 de abril de 2025, las peticionarias radicaron oportuna *Reconsideración,* señalando los siguientes errores:

> "Erró el tribunal al decretar la venta de la propiedad inmueble que pertenece a los herederos por la suma de $250,000.00 a una tercera parte, sin antes cerciorarse del poder económico que podía tener el heredero interesado en la compra, para adquirirla por esa misma cantidad, el cual goza de un derecho de adquisición preferente conforme a la ley, constituyendo estas determinaciones un claro abuso de discreción del Tribunal."

> "Erró el tribunal al disponer que la venta de la propiedad inmueble se va a llevar a cabo una vez se obtenga el correspondiente Relevo del Departamento de Hacienda, sin tomarse determinación alguna sobre qué va a pasar con los bienes muebles que se encuentran dentro del inmueble y que forman parte del inventario de bienes que conforman ambas herencias."

> "Erró el tribunal al continuar con los procedimientos a pesar de que, la reclamación no es justiciable por falta de madurez, ya que la partición solicitada depende de varios trámites anteriores, que a esta fecha no se han realizado, tales como, la liquidación de la Sociedad de Bienes Gananciales conformada por los causantes, por lo que el tribunal carece de autoridad para, en este punto, intervenir el pleito del caso de epígrafe"[3].

Al discutir dichos señalamientos en la petición de reconsideración, las peticionarias abordaron fundamentalmente los siguientes asuntos: 1) el derecho preferente de tanteo reconocido a los herederos sobre el inmueble que el Tribunal autorizó a vender; 2) que resultaba incorrecta la autorización del Tribunal para la venta del referido inmueble a un tercero, pues a la codemandada interesada en adquirirlo no se le requirió evidencia para demostrar tener el poder adquisitivo para su compra; 3) que la causa de acción instada no estaba madura, no era justiciable, en tanto faltaba la liquidación de la sociedad de bienes gananciales entre los causantes como paso previo a los remedios solicitados.

El 10 de abril de 2025, el recurrido radicó *Oposición a Reconsideración,* discutiendo los errores señalados por las peticionarias.

---

[3] Entrada Núm. 95 de SUMAC.

Evaluadas tales mociones, el 24 de abril de 2025, el TPI emitió una *Resolución en Reconsideración*. En esta, luego de precisar las incidencias procesales acontecidas, decidió *reconsiderarse*, a los siguientes efectos: 1) autorizó a otorgar un contrato de opción de compra, en lugar de un contrato de compraventa sobre el inmueble; 2) ordenó que en el referido contrato de opción de compra fuera incluida una cláusula en la que expresamente se advirtiera que los herederos podrían reclamar su derecho de adquisición preferente; 3) dispuso que no se utilizarían los fondos consignados para pagar la deuda del CRIM, sino que, al someter las planillas del caudal relicto enmendadas, se solicitaría la autorización del Departamento de Hacienda para vender el inmueble con el fin de levantar los fondos necesarios para financiar el pago de las obligaciones fiscales pendientes de pago.

Aun en desacuerdo, el 9 de mayo de 2025, las peticionarias presentaron la que hemos identificado como *Segunda reconsideración*, que intitularon *Reconsideración a Resolución en Reconsideración*. En esta plantearon lo siguientes tres errores:

> "Erró el Honorable Tribunal al no desestimar la presente acción por carecer de jurisdicción para disponer sobre los asuntos en controversia, por ser la demanda presentada una prematura y no justiciable".

> "Erró el Honorable Tribunal al ignorar las deficiencias de la demanda al momento de su presentación y a pesar del caso ser uno no justiciable, continuar haciendo determinaciones y disponiendo distintos aspectos del caso, sin jurisdicción ni autoridad para ello."

> "Erró el Honorable Tribunal al aprobar, validar y autorizar las actuaciones ultra vires del demandante, autorizar la firma del contrato de opción que fue ilegalmente negociado antes de la presentación de la demanda y hasta durante el mismo proceso judicial, sin intervención previa del tribunal, y por consiguiente, validando y aprobando, con tal determinación, las actuaciones ultra vires, ilegales y sin facultad en ley, realizadas por la parte la parte *(sic)* del demandante[4].

En la discusión de tales errores, las peticionarias argumentaron sobre lo siguiente: 1) la presunta falta de madurez de la causa de acción por la ausencia de cierta documentación y otros trámites contributivos; 2)

---

[4] Entrada Núm. 107 de SUMAC.

la validación del contrato de opción de compra sobre el inmueble, a espaldas de los demás herederos forzosos, sin considerar la disposición de una de las herederas de comprarlo.

El 19 de mayo de 2025, el recurrido presentó *Oposición a Reconsideración de Resolución en Reconsideración, Oposición a la Solicitud de Desestimación y otra Solicitud de Orden Protectora*.

Finalmente, el 10 de junio de 2025, el TPI declaró *No Ha Lugar* la *Segunda reconsideración* instada por las peticionarias. Al así decidir, el foro recurrido consignó, en lo pertinente, la siguiente expresión:

> En cuanto a la Reconsideración a Resolución en Reconsideración este Tribunal la declara NO HA LUGAR a base de lo resuelto en *Colon Burgos vs. Marrero Rodríguez*, 2018 TSPR 178. **La Resolución en Reconsideración dictada por este Tribunal el día 24 de abril de 2025 no alteró sustancialmente nuestra Resolución y Orden dictada el 11 de marzo de 2025 <u>y la subsiguiente moción de reconsideración que aquí evaluamos se basa en los mismos fundamentos que la primera</u>**[5]. (Énfasis y subrayado provistos).

Es del anterior dictamen del cual comparecen ante nosotros las peticionarias, mediante recurso de *Certiorari*[6], presentado el 10 de julio de 2025, alzando los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR:** "Erró el Honorable Tribunal de Primera Instancia al determinar que, poseía jurisdicción en el presente caso y fundamentar su decisión en que no está convencido de que "aun interpretando la demanda lo más favorablemente, el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho", aun cuando el caso de su faz, adolecía de justiciabilidad y madurez, al momento de la presentación."

> **SEGUNDO SEÑALAMIENTO DE ERROR:** "Erró el Honorable Tribunal de Primera Instancia al determinar que, "La Resolución en Reconsideración dictada por este Tribunal el día 24 de abril de 2025 no alteró sustancialmente nuestra Resolución y Orden dictada el 11 de marzo de 2025 y la subsiguiente moción de reconsideración que aquí evaluamos se basa en los mismos fundamentos que la primera", aún *(sic)* cuando en la Resolución del día 24 de abril de 2025, se dejó sin efecto la orden del pago del CRIM con el dinero consignado por un tercero, siendo éste el único fundamento utilizado para proceder con la venta urgente del bien inmueble por encima de los derechos preferentes de adquisición de los peticionarios, antes de culminar con los procedimientos del caso y se le negó el derecho de tanteo por $250,000.00 a la peticionaria Elizabeth Luciano González."

No obstante, el recurrido también acudió ante nosotros mediante *Escrito Solicitando se Deniegue la Expedición del Recurso de Certiorari por*

---

[5] Entrada Núm. 111 de SUMAC, pág. 2.
[6] Junto al recurso de *certiorari* las peticionarias incluyeron una solicitud de auxilio de jurisdicción. Atendida esta petición por un Panel especial de este foro intermedio, se declaró *Ha Lugar* mediante Resolución del 24 de julio de 2025.

*Falta de Jurisdicción.* En lo que atañe al asunto jurisdiccional, argumentó que la *Segunda reconsideración* instada por las peticionarias no tuvo el efecto de paralizar el término para acudir ante este Tribunal de Apelaciones, en tanto no expuso cuáles eran los hechos o el derecho que estimaba debían reconsiderarse, las alteraciones sustanciales producto de una primera reconsideración, ni las nuevas determinaciones de hechos pertinentes o conclusiones de derecho materiales cuya reconsideración solicitaban por primera vez.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Yumac Home v. Empresas Massó*, supra; *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, aun cuando ninguna de las partes invoque tal defecto. Por lo anterior, tanto los foros de instancia como los foros apelativos tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias que le sean presentadas. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings*, supra; *Shell v. Srio. Hacienda,* 187 DPR 109, págs. 122-123 (2012).

El Tribunal Supremo ha resaltado que **evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito**. *Ruiz Camilo v. Trafon Group, Inc.*, supra*; Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). (Énfasis provisto). De ahí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo, pues no tenemos discreción para asumir

jurisdicción donde no la hay. *Mun. San Sebastián v. QMC Telecom,* supra*; Yumac Home v. Empresas Massó,* supra.

### B. Moción de Reconsideración

i.

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, regula lo concerniente a la presentación de la moción de reconsideración y sus efectos procesales. En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión antes de recurrir al Tribunal de Apelaciones. *Otero Vélez v. Schroder Muñoz,* 200 DPR 76, 86 (2018); *Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 1000 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014). En ella se dispone que la parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución. Regla 47 de Procedimiento Civil, *supra.* Para que la moción de reconsideración cumpla con las exigencias de nuestro ordenamiento, es necesario que en ella se expongan con suficiente particularidad y especificidad los hechos y el derecho que su parte promovente estima que deben reconsiderarse, y fundamentarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 338 (2018).

La regla procesal citada dispone que, una vez presentada la moción de reconsideración de manera oportuna, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción. Regla 47 de Procedimiento Civil, *supra*; *Marrero Rodríguez v. Colón Burgos*, supra, págs.

337-338; *Otero Vélez v. Schroder Muñoz,* supra; *Mun. Rincón v. Velázquez Muñiz,* supra. Es decir, la mera presentación de una moción de reconsideración oportuna y fundamentada paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía, que comenzará a transcurrir una vez se resuelva definitivamente la solicitud de reconsideración. *Marrero Rodríguez v. Colón Burgos*, supra; *Morales y otros v. The Sheraton Corp.*, supra.

ii.

Nuestro alto foro también ha considerado la posibilidad de que una parte pueda instar peticiones de reconsideración sucesiva. En específico, en *Marrero Rodríguez v. Colón Burgos,* supra, nuestro máximo foro consideró la controversia atinente a la presentación de mociones de reconsideración subsiguientes; es decir, cuál sería el efecto de la presentación de varias mociones de reconsideración sobre una misma determinación adversa, para auscultar si estas tenían la consecuencia de interrumpir el término para recurrir en alzada ante el foro apelativo. Sobre lo cual, nuestro Tribunal Supremo resolvió que, en efecto, mociones de reconsideración presentadas de manera subsiguiente podrían tener efecto interruptor sobre el término para recurrir en alzada, **pero solo en las circunstancias en que: (1) el dictamen impugnado fuera alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado y, (2) se cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil**, *supra.* (Énfasis provisto). **Solo si concurren ambas condiciones enumeradas es que una segunda moción de reconsideración puede interrumpir el término para recurrir en revisión a este foro apelativo intermedio**. *Colón Burgos v. Marrero Rodríguez,* supra, pág. 333. (Énfasis provisto).

Con mayor especificidad, según lo dispuesto por *Colón Burgos v. Marrero Rodríguez,* supra*,* para que una subsiguiente moción de reconsideración interrumpa el término para acudir al Tribunal de Apelaciones, **esta debe exponer cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez, así como cuáles son los hechos o el derecho a reconsiderarse**. (Énfasis provisto).

Al establecer lo anterior, nuestra más alta Curia advirtió que tenían que concurrir las condiciones establecidas en el párrafo que precede para admitir el efecto paralizante de una petición de reconsideración subsiguiente, de manera que se evite "**la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes mociones de reconsideración frívolas <u>basadas en los mismos fundamentos</u>**". *Marrero Rodríguez v. Colón Burgos*, supra, págs. 333, 341- 342. (Énfasis y subrayado provistos).

### III. Aplicación del Derecho a los Hechos

Según puntualizamos en el tracto procesal, emitida *Resolución y Orden* por el TPI el 18 de marzo de 2025, notificada en igual fecha, las peticionarias presentaron una primera *Reconsideración* de manera oportuna el 2 de abril de 2025. Al indicar que la referida moción fue *oportuna,* nos referimos al hecho de que fue presentada dentro del término de quince (15) días que dispone la Regla 47 de Procedimiento Civil, *supra,* desde la notificación de la resolución cuya reconsideración se deseaba. Además de su presentación oportuna, el contenido de la moción también cumplió con los requerimientos dimanantes de la regla procesal citada sobre particularidad y el derecho a reconsiderar, por lo que cabía reconocerle el efecto interruptor sobre los términos para acudir en alzada.

Como consecuencia de la presentación de dicha primera moción de *Reconsideración*, el TPI emitió y notificó una *Resolución en reconsideración*

el 24 de abril de 2025, disponiendo sobre varios asuntos, según fueron citados en el tracto procesal. A partir de la notificación de esta *Resolución*, las partes tenían oportunidad de: 1) instar otra moción de reconsideración, dentro del término de quince días, de cumplir con los requerimientos precisados en *Marrero Rodríguez v. Colón Burgos*, supra, o; 2) acudir a este Tribunal de Apelaciones mediante recurso de *certiorari* en el término de treinta días.

Como ha quedado claro, las peticionarias optaron por instar una oportuna *Segunda reconsideración* ante el TPI el 9 de mayo de 2025. Ante lo cual, se nos impone examinar si dicha parte cumplió con las circunstancias previstas en *Marrero Rodríguez v. Colón Burgos*, supra, al presentar mociones de reconsideración subsiguientes, con el propósito de reconocerle o no efecto interruptor sobre el término para acudir ante nosotros mediante *certiorari*. Sobre esto, valga reiterar que nuestro Tribunal Supremo resolvió que, en efecto, mociones de reconsideración presentadas de manera subsiguiente podrían tener efecto interruptor sobre el término para recurrir en alzada, pero solo en las circunstancias en que: **(1) el dictamen impugnado fuera alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado y, (2) se cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil**, *supra*. (Énfasis provisto). <u>**Solo si concurren ambas condiciones enumeradas**</u> **es que una segunda moción de reconsideración puede interrumpir el término para recurrir en revisión a este foro apelativo intermedio**. *Colón Burgos v. Marrero Rodríguez*, supra, pág. 333. (Énfasis y subrayado provisto). A lo que se añade que, "la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes mociones de reconsideración frívolas

**basadas en los mismos fundamentos**" se debe evitar. *Id.* (Énfasis provisto).

Sobre tal ejercicio de derecho, ya hemos resaltado que, una vez fue realizado por el TPI, este concluyó que procedía la denegatoria de la *Segunda reconsideración* porque: 1) la *Resolución en Reconsideración* dictada el 24 de abril de 2025 no había alterado sustancialmente la *Resolución y Orden* dictada el 11 de marzo de 2025, y; 2) porque **la Segunda reconsideración estaba basada en los mismos fundamentos que la primera**. (Énfasis provisto).

Sobre tal dictamen del TPI, no coincidimos en su apreciación primera, pero sí con la segunda. Veamos.

Contrario a lo manifestado por el TPI, juzgamos que, a través de la *Resolución en reconsideración* dictada el 24 de abril de 2025, fueron incorporados cambios sustanciales al dictamen del 18 de marzo de 2025, lo que daba margen a la presentación de una reconsideración subsiguiente de haberse cumplido con el precedente establecido en *Marrero Rodríguez v. Colón Burgos*, supra. Sobre este primer asunto, lo cierto es que fue a través de su *Resolución* del 18 de marzo de 2025 que el foro primario estableció propiamente que lo que procedía era un contrato de opción de compra sobre el inmueble en lugar del contrato de compraventa, ordenó que en dicho escrito se incluyera una cláusula estableciendo el derecho de los herederos a la adquisición preferente del inmueble y dispuso que los fondos consignados de la opción no se consignarían para el pago del CRIM, sino hasta posterior autorización del Departamento de Hacienda. Ninguna de estas previsiones estaba contenida propiamente en la Resolución de 11 de marzo de 2025; por ello, las reputamos como cambios sustanciales en lo decidido.

Sin embargo, el examen sobre reconocerle efecto interruptor a una reconsideración subsiguiente no se detiene con la sola consideración del asunto discutido en el párrafo que precede, sino que requiere verificar,

además, el cumplimiento con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra*. *Marrero Rodríguez v. Colón Burgos*, supra.

Vista la *Segunda reconsideración*, esta falló en precisar cuáles eran las alteraciones sustanciales **cuya reconsideración solicitaba por primera vez**. (Énfasis provisto). Además, al comparar la primera *Reconsideración* con la *Segunda reconsideración*, nos resulta evidente que tratan de temas idénticos, repetidos o muy parecidos. En ambas mociones las peticionarias atacaron: 1) lo que juzgaron fue una actuación prematura por parte del TPI al continuar un proceso que no estaba maduro por causa de la falta de documentación o de procesos como la liquidación de la sociedad de gananciales; 2) la aprobación por parte del Tribunal del contrato de opción de compra a un tercero sobre el inmueble que es parte del caudal hereditario. Es decir, la actuación de las peticionarias al presentar una segunda reconsideración con iguales fundamentos a la primera ubica en aquella conducta que nuestro Tribunal Supremo advirtió debemos frenar cuando se pretende la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes mociones de reconsideración. *Marrero Rodríguez v. Colón Burgos*, supra.

En consecuencia, no se cumplieron las condiciones para que la *Segunda reconsideración* interrumpiera el término para recurrir en alzada ante este foro apelativo. A tenor, se ha de entender que el término de treinta (30) días con el cual contaba la parte peticionaria para acudir ante nosotros inició el 24 de abril de 2025, fecha en que fue emitida y notificada la *Resolución en Reconsideración*, y concluía el 27 de mayo de 2025. No obstante, habiéndose presentado el recurso de *certiorari* ante nuestra consideración el 10 de julio de 2025, lo reputamos tardío, en exceso del término de treinta (30) días que dispone la Regla 52.2(b) de Procedimiento

Civil, 32 LPRA Ap. V, para ello, por lo que solo nos corresponde desestimar por falta de jurisdicción.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, se desestima el recurso de *certiorari* presentado por las peticionarias por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones